Chief Justice Robertson
delivered the Opinion of the Court.
Archibald Logan having obtained a judgment by default against McMillan and Allin, for upwards of seven hundred dollars, due on a promissory note which they had given to him, in consideration of a large quantity of leather, which he had sold and delivered to them, prior to the date of the note — they enjoined seventy four dollars and fifty nine cents, of the judgment, on the ground (as their bill charges,) that some of the leather was ascertained some months after the delivery of it to them, to be almost worthless; that Logan fraudulently sold it to them as good leather, and that, he having refused to take it back, they had it sold at auction, where it brought only twenty three cents a pound, though it *485 had been sold to themselves at twenty eight cents—the difference being seventy four dollars and fifty nine cents, upon the comparatively small quantity thus sold at auction, and for which alone, they seek a decree perpetually enjoining an equal amount of the judgment.
The dem’r not disposed of till the final hearing, and then overruled, there might be a decree upon the facts—all admitted by it; but it is proper that the def’ts should still have leave to answer.
Logan, in an answer in the nature of a cross bill, denied the imputed fraud; insisted that the leather was good, and prayed for a decree for forty dollars, for other leather, which the complainants had bought from him, but which had, through inadvertence (as he charges) been pretermitted when the note was given.
Sundry depositions, read on each side, state facts and express opinions almost as antagonist as the attitudes and averments of the parties themselves—those for the complainants conducing strongly to the conclusion that, when the leather was examined by the deponents some months after the delivery of it, some parts of it, and especially the five rolls afterwards sold at auction, were apparently so materially defective as not to be fit for making neat and good saddles, for which purpose the complainants who are saddlers, had bought it from the defendant, who is a tanner and currier; and some of the same depositions stating, also, that, as the deponents believed, the leather had not been unrolled or particularly examined until the time when, as before mentioned, it was seen by themselves, and considered in some respects, defective. And the depositions for the defendant conducing as strongly to the conclusion, that, when delivered, all the leather was very good, and equally so; and that though the rolls sold at auction were then decried by one of the complainants, and must have been somewhat defaced by the awkward and careless manner in which they had been handled by them, yet they were purchased by an intelligent saddler of Lexington, at twenty three cents, cash in hand, after careful examination by himself and others skilled in the manufacture of such leather; and that the purchaser used all of it advantageously, and found it to be as good as he had generally bought and used.
Upon these facts, the Circuit Judge having sustained a demurrer to the cross bill—perpetuated the injunction *486 for seventy four dollars and fifty nine cents. And that decree, now to be revised, will be considered—first, on the facts; and, secondly, upon the demurrer.
First. Waiving the question of jurisdiction, which might be at least plausibly raised on the authority of the case of Garraty and Watts vs. Hunn, 4 Littell's Rep’ts, and of many other adjudged cases—we are of the opinion that the proof is altogether insufficient to show, either that there was fraud or essential mistake, or that the leather complained of was in any degree defective when delivered, or materially and injuriously so even at any subsequent time. And therefore, the decree perpetuating the injunction must be reversed.
Secondly. Though the demand set up in the cross bill, was legal, and therefore a fit subject of a suit at law—nevertheless, being, as it was, connected with the subject matter of the bill, Logan had a clear right to claim a decree for it, in his answer in the nature of a cross bill. Hume et al vs. Long’s Rep’s. 6 Mon. 118; Ford &c., vs. Sproule and Co., 2 Marsh. 528; Head &c. vs. Perry, 1 Mon. 258.
And therefore, as the allegations in the cross bill were admitted by the demurrer to it, and as that demurrer was not disposed of until the final hearing, the Circuit Court, not only erred in sustaining the demurrer, but might, if it had, as it should have done, overruled the demurrer, have decreed upon the cross bill, the payment of the sum claimed by it, and admitted by the pleadings to be due. But, in that event, the Court might, and probably would, have given leave to answer the cross bill, if such leave had been asked.
Wherefore, the decree is reversed, and the cause remanded, with instructions to render a decree dissolving the injunction, with damages; and also, to overrule the demurrer to the cross bill, and to allow an answer thereto, if the defendants in error desire to answer it.