HALL
*vs*
EDRINGTON'S
EX'RS.

</div>

---

## Hall *vs* Edrington's Executors.

### ERROR TO THE FRANKLIN CIRCUIT.

*Fraud.    Consideration.    Jurisdiction.*

JUDGE SIMPSON delivered the opinion of the Court.

EDRINGTON's executors obtained a verdict and judgment against Hall, in an action of detinue, for a slave named Levi, and four hundred and fifty dollars damages for his detention. The case was brought to this Court by Hall, and the judgment affirmed; but its execution was suspended during the time, and a period of more than twelve months elapsed, between its rendition and execution, by the delivery of the slave to the plaintiff in the action.

Both parties claimed the slave under one Seth Cook. This suit in chancery was instituted by Hall to enjoin a portion of the damages recovered against him in the action of detinue, on the alledged ground that as the security of Cook, he had been compelled to pay considerable sums of money, on which account Cook was indebted to him in the sum of $242. He alledges in his bill that the sale to Edrington was made without any good or valuable consideration, and seeks, on that ground, to subject to the satisfaction of his demand against Cook, so much of the judgment at law for damages as may be necessary for that purpose.

The executors of Edrington answer and deny the charges made by the complainant in his bill, as it regards the sale of the slave by Cook to their testator, as well as all knowledge on the subject of the complainant's demands against Cook. They make their answer a cross bill against Hall, in which they alledge, that he is indebted to them for the hire of Levi, before the trial

<div style="text-align:right">

CHANCERY.

*Case* 15.

*December* 13.

Case stated.

</div>

in the action of detinue, a much larger sum than the jury allowed by their verdict, and also for the hire of the slave during the time that he kept him in his possession after the judgment in the Circuit Court, by bringing the case to this Court, and thereby suspending the execution of the judgment of the Court below.

The complainant in the original bill failed to manifest any right to relief against the representatives of Edrington. He adduced no proof in support of his demand against Cook, although the defendants in their answer, denied all knowledge of its justice.

All voluntary conveyances are not fraudulent, but whether they are so or not will depend upon the circumstances of the donor at the time of the gift.

He does not, in his bill, present a case that would have enabled the Court to decree him any relief. There is no allegation in it, that the sale of the slave by Cook to Edrington, was made to defraud creditors, but only that it was made without any good or valuable consideration. It does not necessarily ensue, that a transfer is fraudulent, because it is voluntary. Whether fraudulent or not, would depend on the condition of the donor at the time of, and the circumstances attending its execution. If not indebted at the time, (and whether he then owed the complainant, or any one else, any thing, is not alledged in the bill,) the sale and transfer of the slave by Cook to Edrington, may have been legal and valid.

A judgment in an action of detinue for the hire of a slave, is conclusive as to all demands for hire before the judgment.

So far as the cross bill of the defendant asks a decree on account of hires accruing previously to the trial in the action of detinue, it is obvious there is no foundation for the claim. The jury having allowed hire, as damages for the detention of the slave, the judgment in that action is conclusive upon the parties, and forms a bar to the prosecution of any other suit, for the hires then due.

A defendant in detinue is liable for the hire of a slave recovered during the pendency of an appeal or writ of error for its reversal, in case it be affirmed according to the statute, (3 *Stat. Law*, 125.)

In relation to the claim asserted in the cross bill for the hire of the slave, from the rendition of the first judgment until the delivery of the property under the final judgment, the only question is, as to the jurisdiction of a Court of equity. For although as the law stood previous to 1840, the defendant in an action of detinue, was not liable for hire or damages, for the detention of the property recovered, after judgment, where execu-

tion of the judgment was delayed by appeal or writ of error, and was affirmed; yet by an act of that year, to amend the law in civil proceedings, (3 *Stat. Law,* 125,) this rule of law was changed, and in such a case the defendant is made liable for the reasonable hire of the slave from the first judgment, until the time of the delivery of the property to the plaintiff in the action.

The demand being a legal one, if this were an original bill for its assertion, it is evident a Court of equity would have no jurisdiction. As, however, the claim is set up by the defendants as executors, after having been first impleaded in equity by the complainant, and as it relates to the subject matter in controversy, they are allowed, according to the well settled doctrine on this subject, to assert it by cross bill, although it be also cognizable in a Court of law, and purely legal in its character.

The sum of $120 is alledged in the cross bill, and admitted in the answer thereto, to have been a reasonable hire for the slave, during the time Hall had the possession of him after the first judgment.

The Court below, by its decree, gave no relief upon either the original or cross bill. The decree on the original bill, we are of opinion, is correct, and it is, therefore, affirmed. But on the cross errors assigned by Edrington's executors, in not granting them relief on their cross bill, it is reversed, and cause remanded with directions to enter a decree in their favor against Hall for the sum of $120 and costs.

*Morehead & Reed* for plaintiff; *Cates* for defendants.

VOL. VIII.        7

### Margin notes

HALL
*vs*
EDRINGTON'S
EX'ORS.

Tho' the claim of a plaintiff in an action of detinue for the hire of a slave, which has been recovered during the pendency of an appeal or writ of error prosecuted by defendant for its reversal, be a legal demand, yet if plaintiff be brought into a Court of chancery by defendant, in respect of the recovery of the slave and hire, plaintiff may, by way of cross bill, have a decree for such hire.