## Charles P. Ludwig v. Ellen A. Stewart and others.

*Statutes of limitation: Retroactive effect: Definite time. Legislative power.* The legislature may pass statutes of limitation and give them retroactive effect; but in order to do this a definite time must be fixed within which all suits where the right of action had accrued prior to the passage of the act must be brought.

*Statute of limitations: Prior rights of action: Definite limitation.* The statute of 1863 (*Laws of 1863, p. 388*), amending the limitations of actions for the recovery of lands, which, after specifying the time after they first accrued within which such actions shall thereafter be brought, provides that all rights of action which had theretofore accrued should be governed by the statute as thus amended, without naming any time within which suit should be brought on such previously accruing rights of action, does not fix any definite limitation for such rights of action, and is therefore not applicable to them, but they are to be governed by the law in force prior to the passage of this act.

*Statutes of limitation: Reasonable time: Application of statute; Definite limitation.* To apply such a statute to all previously accruing rights of action where a period which in the opinion of the court was a reasonable time for bringing suit intervened between the taking effect of the statute and the expiration of the time specified for bringing the action after it first accrued, would be to administer a limitation fixed by the court, and not by the legislature; and this would not be permissible.

*Heard April 20.    Decided April 27.*

Error to Van Buren Circuit.

*Richards & Mills*, for plaintiff in error.

*Arthur Brown*, for defendants in error.

MARSTON, J:

The defendants in error commenced an action of ejectment in September, 1872, to recover possession of certain lands situate in the township of South Haven, Van Buren county. Upon the trial it was admitted that the plaintiffs were heirs at law of Hosea B. Huston, who acquired title to the land through sundry mesne conveyances from the United States.

Plaintiff in error, defendant in the court below, claimed title under certain tax deeds from the auditor general to his

grantors, under which they took possession of the premises in the spring of 1857, and that he and his grantors had continued in the open and adverse possession thereof continuously from that time until the commencement of this action. These deeds were all held void by the court below for defects appearing of record. The defendant insisted, however, that even admitting these deeds to be void, yet that his possession and claim of title under them had by virtue of act 227 of the laws of 1863 ripened into a perfect title, and he requested the court to charge the jury as follows: "If the jury find that defendant or those under whom he holds went into actual possession of the premises in question in 1857, and has continued to hold open, notorious and adverse possession of the same up to the time of the commencement of this suit, claiming title under a deed or deeds made by any officer of this state authorized to make deeds upon sale of lands for taxes accrued and levied within this state, then the plaintiffs cannot recover; that in such a case the ten years limited by the act of 1863 had not elapsed when said act went into operation, January 1, 1864, and that the plaintiffs had over three years after the operation of said act in which to commence suit before the expiration of ten years, then the act of 1863 would not be unconstitutional if applied to this case; that three years would be a reasonable time in which to bring suit;" that "the full period of ten years required by that statute having run before the act of 1869 went into force, and the defendant's title having become absolute, that act does not affect this case." These requests were refused and defendant excepted.

There are serious difficulties in the way of thus applying this statute. The general power of the legislature to pass statutes of limitation and give them a retroactive effect cannot be doubted; there are numerous authorities sustaining such legislation. But as the effect of limitation laws is to fix a reasonable time within which a party is to bring suit in order to establish his claims, and on his failure so to do forever afterwards to bar him of all rights in the premises,

it becomes of the utmost importance that such statutes fix the time with certainty within which the action shall be brought. Parties should not be left in doubt and uncertainty in this respect.

It is very evident that there is no definite time fixed by this statute within which actions shall be commenced, in so far as it is intended to have a retroactive operation. Under it cases will arise where the time within which the action must be commenced would be so short that it would be held unreasonable and void, while in others the time would be ample. Whether the time allowed in a given case would be sufficient or not, must depend altogether upon the question as to the time when the cause of action accrued. And it is doubtful whether any two cases would be found alike. A decision under such a statute, while applicable to all cases coming within the time passed upon in such case, would have but little, if any, application in most others likely to arise. The effect of such a statute is to compel every man to decide for himself and at his peril, what will be considered a reasonable time within the judgment and opinion of the court of last resort.

Again, cases must necessarily arise so near the dividing line that it would become a difficult matter for the court to say, under all the circumstances, whether the time allowed was sufficient and reasonable or not. And in all these cases it would still remain a matter of doubt whether the legislature would have come to the same conclusion and would have passed a statute fixing the same time which the court did. Indeed, it is evident that the limitation would be one fixed by the court, and not by the legislature. This court assumes no such power. Had the legislature prescribed a certain definite number of years within which all such cases must be brought, as it undoubtedly had the power to do, such a statute would be certain and applicable to all cases accruing previous to the passage of such act.

We are of opinion that this statute cannot be held appli-

cable to cases like the present, and that they are governed by the law in force previous to the passage of this act.

There was no error in the ruling of the court below; the judgment must therefore be affirmed, with costs.

The other Justices concurred.