### Solomon S. Stambaugh v. Anthony Snoblin.

*Ejectment: Statute of limitations.* A ruling in ejectment, that the plaintiff
was barred by the act of limitation of 1863, is erroneous in a case where
his right of action accrued before that act took effect, and where by the
law then in force the right of action was not barred when the suit was
brought; the plaintiff's right depended on the law in force when his
right of action accrued.

*Submitted on briefs June 16.* *Decided June 18.*

Error to Macomb Circuit.

*C. W. Everett* and *R. P. & J. B. Eldredge,* for plaintiff
in error.

*Hubbard & Crocker,* for defendant in error.

GRAVES, CH. J:

This was ejectment commenced by Stambaugh April 29th,
1874. The case was tried by the court, and the facts found
established that the plaintiff held the title derived from the
United States; that the defendant acquired tax-titles in
1861, which were invalid for defects; that he cut timber
on the premises in the two succeeding years, but made no

inclosure till the spring of 1863, when he fenced a small portion, and built a house and went into occupation, and has since continued his occupation and paid taxes. The court found as conclusion of law, that by the act of limitation of 1863 the plaintiff was barred, notwithstanding the act of 1869.—*Laws of 1869, p. 218.*

We think the court erred. The right of the plaintiff depended on the law in force when his right of action accrued, and that was previous to the time when the act of 1863 took effect, which was January 1st, 1864, and by the law as it stood before the act of 1863, and when the plaintiff's right accrued, he was not barred when he began his suit.

The judgment below must be reversed, and judgment entered here for the plaintiff, with costs of both courts, and the cause remanded.

The other Justices concurred.