THE PEOPLE EX REL. JOHN M. HOFFMAN v. THE JUDGE
OF THE CIRCUIT COURT FOR ST. CLAIR COUNTY.

*Abatement by death of defendant.*

Ejectment cannot be revived against the legal representatives of a deceased defendant.     But the action may be carried on against surviving defendants.

The death of a defendant pending a real action abates it; the defendant's right descends to his heir, against whom a new cause of action arises.

MANDAMUS.     Motion submitted January 17.     Denied January 31.     The facts are in the opinion.

*Whipple & Voorheis* for relator.

*O'Brien J. Atkinson* for respondent.

GRAVES, J.     The relator brought ejectment against Daniel B. Harrington, Edmund B. Harrington, Patrick Digman and Frank R. Rice, and whilst the cause was pending, but before issue, the defendant Daniel B. Harrington died.

Thereupon the relator informed the court by affidavits of such death and that no administration on decedent's estate had been or was being entered upon, and further, that decedent's title was derived from sales for taxes, and since his death all his heirs except Charles F. and Edmund B. Harrington had by deed made these two heirs trustees of the estate with full power to close up and settle the same, and on the strength of this showing the relator moved that the suit should be revived as against the legal representatives of the deceased defendant.

The court refused this but entered an order suggesting the death and reviving the cause as against the surviving defendants.

A mandamus is now asked to require the circuit judge to set aside the order made or so modify it as that it

may include the relief originally asked as well as that given. We understand the question to be whether it was competent for the circuit court to revive the suit as against legal representatives of the deceased defendant, and we think it was not.

By the common law the death of a defendant in a real action pending the suit causes an abatement. The doctrine is that on the occurrence of the death the right descends to the heir, and a new cause of action springs up which changes the condition of the cause. *Green v. Watkins*, 6 Wheat., 260; *Macker's Heirs v. Thomas*, 7 Wheat., 530; *Alley v. Hubbard*, 19 Pick., 243; *Anonymous*, 1 Haywood (N. C.), 500; *Holmes v. Holmes*, 2 Pick., 23.

In the last case the Supreme Court of Massachusetts allowed the demandant in a writ of right to suggest the death of one of several defendants and prosecute the case against the survivors.

We have no statute going further. There is no provision for continuing ejectment by bringing in representatives of a deceased defendant, and the exception seems not to have been accidental.

In *Holmes v. Holmes*, supra, the defendant's counsel contended in opposition to the prosecution of the suit against the survivors that if it was necessary at first to bring in all the tenants, the necessity continued and hence the demandant ought not to be permitted to go on against the survivors. But the court dismissed the argument and ruled that it was proper to proceed against the survivors alone. What was thus permitted by the court in Massachusetts is expressly authorized by our statute. But the effect upon his share of the case, of the death of one of several, defendants in ejectment, is left as at common law.

The writ must be refused.

The other Justices concurred.