McKENZIE *v.* A. P. COOK CO.[1]

1. EQUITY PLEADING—CROSS-BILL.

The defendant in a bill to quiet title, involving a determination of the question of title between the parties, may assert his legal title by a cross-bill.

2. LIMITATION OF ACTIONS—STATUTES.

The period in which title to land will become absolute by limitation depends upon the statute in force at the time the right of action accrues to the owner.

3. LACHES—ABANDONMENT OF SUIT.

In the absence of evidence of an actual intent on the part of a plaintiff in ejectment to abandon his suit, mere delay, though long continued, in bringing the case to trial, will not be construed as an abandonment; at least where there has been no motion to dismiss for failure to prosecute.

4. EJECTMENT—CONVEYANCE BY PLAINTIFF—EFFECT UPON SUIT.

A conveyance of the land by the plaintiff in ejectment does not operate to abate the suit, but it may still be prosecuted by the plaintiff or his representative, and a judgment in his favor will inure to the benefit of the grantee.

5. SAME—DEATH OF PLAINTIFF.

The death of the plaintiff in ejectment does not abate the suit.

6. SAME—DEATH OF DEFENDANT—ABATEMENT—LIMITATIONS.

The death of the defendant in ejectment abates the suit; but the statute of limitations does not run during the pendency of the suit, and under 2 How. Stat. § 8707, plaintiff may bring an action for the same cause at any time within one year after the suit is thus abated.

7. SAME—INJUNCTION BILL—ELECTION OF REMEDIES.

A defendant in ejectment who files a bill in equity to enjoin the prosecution of the suit, plaintiff consenting by his answer that the question of whose is the superior title may be transferred to that forum, cannot invoke the doctrine of election of remedies to defeat plaintiff's right to a decree.

8. SAME—IMPROVEMENTS—OWNER'S OPTION.

The owner of land is entitled, upon establishing his claim as against one who has held the land under color of title for a

[1] Rehearing denied November 23, 1897.

number of years, and has made improvements thereon, to his election as to whether he will take the land, and pay the increased value due to the improvements, or abandon the land to defendant, upon payment by him of the value it would have had if no improvements had been made.

Appeal from Monroe; Kinne, J.    Submitted June 9, 1897.    Decided June 28, 1897.

Bill to quiet title by Amanda A. McKenzie and others against the A. P. Cook Company, Limited, and others. Defendants filed an answer in the nature of a cross-bill. From a decree for complainants, defendants appeal.    Reversed, and decree entered on the cross-bill for defendants.

*George W. Radford*, for complainants.

*Taggart, Knappen & Denison*, for defendants.

Montgomery, J.    The original bill in this case was filed by Clark H. B. McKenzie in 1893.    The land involved is an 80-acre farm in Monroe county, which was patented by the United States to Theron Skeel, July 1, 1835.    Addison P. Cook acquired the Skeel title, October 16, 1848.    The land was sold as delinquent for the taxes of 1854, 1856, 1858, and 1861.    Three of these tax titles were vested in John S. Gregory, who took possession of the lands in 1862, and who continued in possession until he conveyed to McKenzie, in 1864.    In 1878, Addison P. Cook commenced a suit in ejectment against McKenzie, who appeared and pleaded the general issue, and gave notice of his tax titles, and of a claim for improvements.    In December, 1888, Addison P. Cook conveyed the land to the A. P. Cook Company, Limited. Mr. Cook died in 1889.    In 1893, Percy T. Cook, as administrator of A. P. Cook, proceeded to revive the ejectment suit.    Thereupon the original bill in this case was filed, for the purpose of quieting title to the land, McKenzie setting up his tax titles and adverse possession, averring that the ejectment suit had been abandoned, and that its revival by the administrator ought not to be per-

mitted, and praying that defendants be enjoined from prosecuting the ejectment suit, and from selling or advertising the lands for sale. Defendants filed their answer in the nature of a cross-bill, alleging that the A. P. Cook Company, Limited, by a conveyance from A. P. Cook, held a perfect title to the land in question, and asking that its own title be quieted, and that the questions at issue in the ejectment suit be adjudicated. Complainant replied to the answer, and answered the cross-bill. Some depositions were taken, but, before the hearing was had, complainant, Clark H. B. McKenzie, died. The cause has been revived, and his wife and heirs at law have been brought in. The decree of the court below was in favor of the complainants, on the ground that the McKenzie title had become absolute by the statute of limitations.

1. A question is raised as to whether the defendant company can assert its legal title by cross-bill. We think it is open to the defendant to do so. The scope of complainant's bill was such as to call for a determination of the question of title between these parties. This being so, the defendant had a right to interpose by way of cross-bill, and ask the relief to which it was entitled in case the court should find against the complainants' title. *Griffin* v. *Griffin*, 112 Mich. 87; *Shields* v. *Barrow*, 17 How. 130; *Greenwalt* v. *Duncan*, 16 Fed. 35; *Watts* v. *Sweeney*, 127 Ind. 116; *Jones* v. *Thacker*, 61 Ga. 335; *Remer* v. *McKay*, 38 Fed. 164; *Logan* v. *McMillan*, 5 Dana, 484; *Hall* v. *Edrington*, 8 B. Mon. 47; 2 Daniell, Ch. Pl. & Prac. 1549.

2. The possession of McKenzie and those under whom he claimed began in 1862, and between that date and the commencement of the ejectment suit 16 years had elapsed. But, at the time of entry, the period of limitations was 20 years. The act of 1863, providing for a 10-year limitation when the land was held under tax title, did not take effect until January 1, 1864. As Mr. Cook's right to bring ejectment accrued in 1862, the period of limitations

depended upon the act in force at that date. See *Stambaugh* v. *Snoblin*, 32 Mich. 296; *McKisson* v. *Davenport*, 83 Mich. 211. So that, if the complainants must rely upon an adverse possession which had ripened into title before the institution of the ejectment suit, their claim must fail. But their contention is that there can be added to the period, before the institution of the ejectment suit, the long period of time which has since elapsed, for the reason—*First*, that the ejectment suit had been abandoned before the equity suit was instituted; and, *second*, that, by the death of McKenzie, the ejectment suit abated, and that the effect of this abatement is to leave the parties as though no suit had been instituted.

3. After the ejectment suit was planted and was at issue, it was within the power of either party to bring the case on for hearing. Neither the plaintiff nor defendant saw fit to do so. The evidence does not show any actual intent on the part of Mr. Cook to abandon the prosecution of the case. It is true, there was a long delay, but no steps were taken to press the case to a hearing, and no motion in the case itself has been made to dismiss the suit for a failure to prosecute. If such practice is admissible in ejectment,—a point which we do not decide,—a motion should have been made in the case, while the court could fix such terms as might be reasonable. See 2 Shinn, Pl. & Prac. § 945; *Hill* v. *Webber*, 50 Mich. 142.

4. The conveyance by Addison P. Cook to the A. P. Cook Company, Limited, did not operate to abate the ejectment suit. Such suit might still be prosecuted by Cook or his representatives, and the judgment, if in his favor, would inure to the benefit of his grantee. *Michigan Central R. Co.* v. *McNaughton*, 45 Mich. 87; *Snyder* v. *Hemmingway*, 47 Mich. 549.

The death of plaintiff did not operate to abate the ejectment suit. 5 Enc. Pl. & Prac. 803.

5. The case must turn upon the question of the effect of the death of Clark H. B. McKenzie upon the action of

ejectment, as it affected the running of the statute of limitations. Undoubtedly, the death of McKenzie abated the action. 5 Enc. Pl. & Prac. 825; *Hoffman* v. *St. Clair Circuit Judge*, 40 Mich. 351. The circuit judge was of the opinion that, upon the abatement of the ejectment suit by the death of McKenzie, the sole remedy of the Cooks was to institute a fresh ejectment suit, and that upon their doing so, if the period fixed by the statute of limitations had elapsed after the entry by McKenzie, and before the institution of such new suit, the plaintiff would be barred. Such a rule of law, it is evident, would work manifest injustice in many cases. The plaintiff in ejectment might have a perfect action today, and title to property; tomorrow, by the death of the defendant, his right would be cut off. The court should hesitate to lay down a rule which would lead to such consequences. Section 8707, 2 How. Stat., provides that—

"If any action of which the commencement is limited by this chapter shall be abated by the death of any party thereto, * * * the demandant or plaintiff, or any person claiming from, by, or under him, may bring an action for the same cause at any time within one year after the determination of the original action."

"The same cause" means, of course, the same entry. We think it clear that the statute of limitations was not running during the pendency of the ejectment suit, and that, the complainants themselves having resorted to a court of equity, equity should follow the law, and that it should be held that the Cook title has not been barred by the statute. Clark H. B. McKenzie, it appears, died May 19, 1895. Within the year fixed by section 8707, the defendants might have instituted a new action of ejectment, as we have seen. Instead of that, they did, within the same period, cause the present cause, in which the same issue was presented for determination, to be revived.

6. It is urged by complainants that A. P. Cook elected to press the remedy of ejectment, which is an action

at law, and that this election was ratified by his administrator in 1893, and that defendants are bound by this election, and that it results that, when the ejectment suit is abated, the widow and heirs of McKenzie have a perfect title by adverse possession. We perhaps fail to understand the force of complainants' contention. The ejectment suit was certainly no waiver of defendants' claim of title. On the other hand, it was an assertion of it. Complainants sought another forum. Defendants consented that the question of which title was superior might be tried in that forum. We think the doctrine of election has no pertinence.

7. It not being contended that the tax titles were valid, and the proofs showing their invalidity, it follows from what has been said that the defendants are entitled to a decree. In settling the decree, the practice pursued in *Sherman* v. *A. P. Cook Co.*, 98 Mich. 61, will be followed. The defendants will be entitled to elect as to whether they will take the land, and pay the increased value of the land, by reason of the improvements, or abandon the land to complainants, upon payment by them of the value which it would have had no improvements been made or placed upon the property.

The defendants' witness Rousseau testified that the value of the land, in the condition it would have been in had no improvements been made upon it by McKenzie, would be $20 an acre, and its value in its present condition, with the improvements upon it, $40 an acre. We are disposed to adopt these figures, although there is testimony by one witness that he thinks the land would sell for $25 or $30 an acre if it were in the condition in which it was when McKenzie took it. But he based this upon the reason that "men do not have money to put in to buy improved farms, and they think they can improve it themselves, with the help of their boys, and work out a home from it." We think this partakes somewhat of conjecture, and are disposed to adopt the figures given by the witness Rousseau.

The decree will be reversed, and a decree entered in this court in accordance with this opinion.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.