CONLEY *v.* SINCLAIR.

1. ABATEMENT AND REVIVAL—EJECTMENT—REAL PROPERTY — DESCENT.

Upon the death of a defendant in ejectment, the suit abates as to the deceased, whose rights thereupon descend to his heirs, and a new cause of action arises as to them, which must be enforced by instituting a new action under 3 Comp. Laws, § 9723, within a year.

2. SAME—QUIETING TITLE—ACTION PENDING—DEMURRER.

A bill to quiet title to real property, showing the fact of a previous action in ejectment, to obtain possession of the complainant's land, a judgment for plaintiff that was affirmed on error and the granting of a second trial under the statute, pending which the defendants died, and the action remained not prosecuted or revived against the heirs of either defend-

ant for upwards of 15 years after their death, is not demurrable on the ground that the action of ejectment is still pending.

Appeal from Huron; Beach, J. Submitted October 10, 1910. (Docket No. 18.) Decided November 11, 1910.

Bill by James Conley against Mary Sinclair and others to quiet title and remove a cloud from lands claimed by and in the possession of complainant. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed.

*James H. Hall* (*Frank W. Atkinson*, of counsel), for appellants.

*Charles D. Thompson* (*Elbridge F. Bacon*, of counsel), for appellee.

BLAIR, J. The bill of complaint in this case was filed for the purpose of removing a cloud upon, and quieting the title of complainant to, certain premises in Hume township, Huron county, Mich. Defendants demurred to this bill of complaint for the reason that, prior to the commencement of this suit, an action of ejectment was commenced in the circuit court for the county of Huron by Thomas Sinclair, in his lifetime, against Charles G. Learned, now deceased, and Jonas R. Learned, and alleging that said ejectment suit is now pending in the circuit court for Huron county, and that complainant has in said suit an adequate remedy at law.

It appears from the bill of complaint that the land in question was patented May 1, 1860, by the United States to one Charles N. Babbitt; that subsequently Babbitt gave a mortgage on said land to Frederick S. Ayres, which mortgage was subsequently foreclosed and the property bid in by the mortgagee, and a sheriff's deed executed May 30, 1866, to the said Frederick S. Ayres, mortgagee, conveying the land in question; that on the 5th day of August, 1875, Frederick S. Ayres conveyed said land by

warranty deed to Charles G. Learned, one of the defendants in the ejectment suit; that on the 23d day of February, 1891, defendant Charles G. Learned departed this life, and on December 4, 1895, the probate court for the county of Huron adjudged that Jonas R. Learned was the sole heir of Charles G. Learned, deceased; that subsequently said Jonas R. Learned and his wife conveyed the land in question to the complainant by warranty deed; that, under these several conveyances, the complainant is now the owner of the original title of this land, and is now in possession of said land, claiming title thereto, and that the complainant and his grantors have been in actual possession of said land, claiming title thereto, for more than 40 years; that Thomas Sinclair, under whom defendants claim, purchased the said land for taxes of 1861 and 1862, and obtained deeds therefor; that he also obtained a quitclaim deed for this land from Charles N. Babbitt, the original locator, which deed was dated April 13, 1880; that November 16, 1881, Thomas Sinclair commenced a suit in ejectment against Charles G. Learned and Jonas R. Learned to recover this land; that Jonas R. Learned was made defendant in the suit as the owner of a tax title on said land for the taxes of 1874; that Jonas R. Learned at the time of the commencement of such suit had no title to or interest in said land except such tax title; that issue was joined in this case, and on January 4, 1883, a judgment was rendered in favor of the defendants; that February 26, 1883, Thomas Sinclair, the plaintiff, sued out a writ of error to review this judgment and on October 4, 1883, the Supreme Court affirmed the judgment of the circuit court, the case being reported in 51 Mich. 335 (16 N. W. 672); that June 7, 1884, on motion of Thomas Sinclair, the plaintiff therein, a new trial under the statute was granted in said cause, and, although more than 25 years have elapsed, no further proceedings have been taken in said cause by said Thomas Sinclair, his heirs or representatives, since that date; that the defendant Charles G. Learned died intestate on the 23d day of February,

1891, and although more than 18 years have elapsed since the death of said Charles G. Learned, no new action has been brought against the heirs of Charles G. Learned, nor has the ejectment suit been revived against the surviving defendant, Jonas R. Learned; that Thomas Sinclair, the plaintiff in the ejectment suit, died January 24, 1894, and, although more than 15 years have elapsed since his death no proceedings have been taken to revive said suit by his heirs or representatives.

The death of the defendant Charles G. Learned abated the suit as to him, and his rights descended to his sole heir, Jonas R. Learned, against whom a new cause of action arose. *Hoffman* v. *St. Clair Circuit Judge*, 40 Mich. 351. The tax title, which constituted the sole claim of title on the part of Jonas R. Learned at the time the ejectment suit was instituted and down to the time of the death of Charles, was held by this court to be void for. reasons which a subsequent trial could not obviate. *Sinclair* v. *Learned, supra.* The only title, therefore, which Jonas could rely upon on a second trial of the ejectment suit, was that which he inherited from Charles, and as to this title there was no suit pending; it having abated as above stated.

Upon the abatement of the suit against Charles, under the circumstances of this case, the only remedy of the plaintiff in ejectment was provided by 3 Comp. Laws, § 9723. *McKenzie* v. *A. P. Cook Co.*, 113 Mich. 452 (71 N. W. 868). The sole ground of the demurrer is:

"That said ejectment suit is now pending in the said circuit court for Huron county, and the question of the right to the possession of said property is involved in said ejectment suit, and said complainant has in said suit a complete, full, and adequate remedy at law for the enforcement of his rights in said property."

The demurrer was not well founded, and the order overruling it is affirmed.

Bird, C. J., and Ostrander, Brooke, and Stone, JJ., concurred.