McBRIDE *v.* CHIPPEWA CIRCUIT JUDGE.

NEW TRIAL—EJECTMENT—LIMITATION OF ACTIONS—REPEAL OF
    STATUTE—SAVING CLAUSE.

   The right to new trial in ejectment within three years
       after judgment, under section 10981, 3 Comp. Laws, re-
       pealed by section 30, chap. 29, of the judicature act (sec-
       tion 13197, 3 Comp. Laws 1915), was saved, where the
       right had accrued before the repealing act took effect, by
       section 9, chap. 9, of said act (section 12319, 3 Comp. Laws
       1915), providing that rights in respect to limitation of
       actions or right of entry should be governed by the act
       under which they accrued.

Mandamus by James McBride to compel Louis H.
Fead, circuit judge of Chippewa county, to vacate an
order denying a motion for a new trial.   Submitted
April 5, 1918.   (Calendar No. 27,975.)   Writ granted
June 3, 1918.

   *John W. Shine,* for plaintiff.

   *Davidson & Hudson,* for defendant.

   MOORE, J.   Dayton W. Closser recovered judgment
in ejectment against relator August 2, 1913.   The
judgment was affirmed in this court October 2, 1914.
*Closser* v. *McBride,* 182 Mich. 594.   On May 1, 1917,
relator applied for a new trial on payment of costs
which motion the court denied.   This proceeding is
brought to set aside the order denying relator's mo-
tion for a new trial, and to have an order entered
granting the motion.

   We quote from relator's brief:

   "The statute, 3 Comp. Laws, § 10981, provides for
a new trial in ejectment as a matter of right within
three years after judgment.   See *Clareview Park
Improvement Co.* v. *Wayne Circuit Judge,* 172 Mich.
172.

"The three years begin to run from the date of affirmance in the Supreme Court. *Boyce* v. *Osceola Circuit Judge,* 79 Mich. 154.

"Under the old law there could be no question of relator's right to a new trial. The judicature act took effect January 1, 1916, and before the expiration of the three years given relator under the old law for a new trial. The judicature act took effect also before the application for a new trial was made."

The circuit judge thought it governed this case.

Relator contends:

"1. That the judicature act is prospective in its application and does not affect relator's right.

"2. That by express provisions of the judicature act relator's rights are governed by the law in force at the time his right accrued," citing *Harrison* v. *Metz,* 17 Mich. 377; *Ludwig* v. *Stewart,* 32 Mich. 27; *McKisson* v. *Davenport,* 83 Mich. 211; *Stambaugh* v. *Snoblin,* 32 Mich. 296; *Hathaway* v. *Milling Co.,* 139 Mich. 708; *McKenzie* v. *A. P. Cook Co.,* 113 Mich. 452.

Defendant claims that the right as a matter of course to a second trial in ejectment was repealed by the judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 13197), section 30, chapter 29 of which reads:

"Except as hereinafter provided, new trials may be granted in ejectment cases for the same reasons, and in the same manner as in personal actions; but no new trial shall be granted as a matter of course."

We quote from the brief:

"Statutes which relate only to the remedy, without creating, enlarging or destroying the right, operate on existing causes of action. *Judd* v. *Judd,* 125 Mich. 228; *Lohrstorfer* v. *Lohrstorfer,* 140 Mich. 551; *Gibson* v. *Hibbard,* 13 Mich. 214; *C. H. Little Co.* v. *L. L. Hazen Co.,* 185 Mich. 316; *Beebe* v. *Birkett,* 108 Mich. 234; *State Savings Bank of Detroit* v. *Matthews,* 123 Mich. 56."

An examination of each of these cases will show them distinguishable from the instant case.

Much reliance is placed on the last case cited. It may be well to quote from it:

"If we compare the law as amended with it as it was before the amendment occurred, we will find it does not change the time of possession either of the mortgagor or of the mortgagee. It changes the form of the decree. It shortens the time after the suit is brought when sale may be made, but it adds a period of redemption after the sale which did not exist before. We do not think it can be said that there is any such material change in the relation of the mortgagor to the mortgagee, or to the rights of each, as to amount to an impairment of the obligation of contracts."

Clearly this is a different case than the one before us. Immediately before the time the judicature act took effect plaintiff was entitled as of course to a new trial upon the payment of costs. If he had a meritorious case this was a valuable right which we think is saved by section 9, chapter 9, of the judicature act (3 Comp. Laws 1915, § 12319), which reads:

"All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions or rights of entry."

The circuit judge should have granted relator's motion for a new trial. The writ of mandamus will issue as prayed, with costs to relator.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.