# JANUARY TERM, 1920.*

---

### BLACK *v.* SPEARS.

1. LIMITATION OF ACTIONS—ABUSE OF PROCESS—STATUTES.

 In view of section 9, chap. 9, of the judicature act (3 Comp. Laws 1915, § 12319), providing that "all actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions," where a right of action for abuse of process of attachment accrued on January 14, 1914, an action started therefor on January 22, 1917, *held*, to have been commenced seasonably.

2. ABUSE OF PROCESS—LIABILITY THEREFOR.

 Where defendant was present when an unlawful seizure was made, aiding and advising the undersheriff, he would be liable for such damages, if any, as would naturally flow from any oppressive execution of the process.

3. SAME—EVIDENCE—TENDER OF REDELIVERY—QUESTION FOR JURY.

 Where defendant's testimony of an unconditional tender of redelivery of the seized stock of goods was denied by plaintiff, a question of fact was presented for the jury.

4. SAME—TENDER OF REDELIVERY—REFUSAL—NO BAR TO ACTION—EFFECT ON DAMAGES.

 The subsequent conduct of plaintiff in refusing to accept a redelivery of his stock, when, and if, tendered, should be considered by the jury in passing upon the question of damages, but should not be held to bar the action, unless, at the time the tender was made, no damages could have resulted.

Error to Tuscola; Beach (Watson), J. Submitted October 9, 1919. (Docket No. 16.) Decided February 27, 1920. Rehearing granted.

---

*Continued from Vol. 208.

Case by George V. Black against William J. Spears and another for a wrongful seizure of a stock of merchandise under a writ of attachment. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed.

*Kinnane, Black & Leibrand,* for appellant.

*Walter S. Wixson* and *John W. Quinn,* for appellees.

On January 24, 1914, defendant William J. Spears caused an attachment to be issued against plaintiff from a justice's court under the claim that plaintiff was about to remove a stock of goods from the county. Under said writ defendant Spears, acting through a deputy sheriff, took possession of the building which belonged to the other defendant, Anna H. Spears, and the stock of goods therein, the property of the plaintiff, which on appeal to the circuit court was affirmed. The case was then removed to this court by writ of error and was here affirmed. *Spears* v. *Black,* 190 Mich. 693.

The suit under consideration was commenced by summons on January 22, 1917, three years lacking two days from the date of the levy of the attachment. Counsel for plaintiff say that this suit is brought:

"To recover damages from the above named defendants for the wrongful seizure of a certain stock of goods and merchandise, for the wrongful breaking up and destruction of plaintiff's business and the wrongful taking possession of a certain store that plaintiff was in possession of."

The first count in the declaration is a simple count in trover alleging the unlawful and wrongful conversion of plaintiff's stock of goods to defendants' use. The second count is in part as follows:

"That on, to wit: January 24th, 1914, said defendant, Anna H. Spears acting in conjunction with and

through her said agent, and the said William J. Spears, defendant herein, conspiring and contriving wrongfully to injure and oppress plaintiff, and while said plaintiff was engaged in conducting and carrying on a general business in the sale and handling merchandise in said store and building, with their agents and servants and assuming to act under a certain writ of attachment, issued by a justice of the peace of said village of Vassar, did enter said store and seized and took possession of all of said goods, wares and merchandise of said plaintiff therein situate, and did forcibly dispossess, oust and evict said plaintiff and his employees, agents and servants therefrom, and did thereafter wrongfully retain possession of said building and of said goods and merchandise and did convert the same to his own use. That said defendant, William J. Spears, was, at the date aforesaid, a lawyer by profession, and that he counseled, directed and controlled the aforesaid seizure of said building and merchandise, personally taking part in said seizure and directing and controlling it, and that he, the said William J. Spears and his principal, said Anna H. Spears, did, by reason of the premises, wrongfully and unlawfully seize said store and property and evict and dispossess said plaintiff, his employees, agents and servants, and did unlawfully retain possession of said merchandise, and did wrongfully and unlawfully convert the same to their own use. That the writ of attachment aforesaid was issued upon the claim of said defendant, Anna H. Spears, against plaintiff, as sworn to by said William J. Spears in the affidavit for writ of attachment, for the sum of two hundred sixteen ($216.00) dollars, that being the amount claimed to be owing and due from said plaintiff to said defendant, Anna H. Spears."

The third count contains the following averment:

"That at the time of said eviction, aforesaid, defendant sued out a writ of attachment against plaintiff for the sum of two hundred sixteen ($216.00) dollars, alleged to be due from plaintiff, said writ being in the name of Anna H. Spears as plaintiff therein, against plaintiff, and that said writ merely authorized the seizure of goods and chattels sufficient

to satisfy said writ, together with costs, and did not authorize or in any way justify the seizure of the building, or the closing of said store, or the ousting and eviction of plaintiff, his employees, agents and servants from said store, and did not authorize or justify the destruction of the business, good will and valuable interest hereinbefore set forth, and did not authorize or justify any of the acts of wrong and oppression aforesaid, and merely justified the seizure of, to wit, two hundred sixteen ($216.00) dollars worth of merchandise in said store and enough more to pay the reasonable costs in connection with such, which seizure, if made according to law, would not affect appreciably the stock of. to wit, eight thousand ($8,-000) dollars in merchandise, or in any way destroy and ruin the said business, good will and other valuable interest above set forth."

The plea was the general issue with a notice of five several defenses which need not here be set out. The case was tried at considerable length. At the conclusion of the proofs a motion was made on behalf of the defendants for a directed verdict which motion was granted, the court charging the jury as follows:

"As I have just stated, this has been an extremely intricate case to try, there have been very many questions of law and very many questions of fact, and I question whether you have been able to follow everything clearly. I know, as I say, that I have become befogged at times in trying to follow the ramifications of the evidence and the various questions of law which have arisen.

"The case has been very strenuously tried by counsel and they have attempted to afford the court all the light possible, and as a result, I deem it my duty to say to you that the law in the case governs the case. One prime fact in the case which has led me to this conclusion, is the fact, undisputed, that the parties in this case had a former litigation commenced by the defendant in this case against the plaintiff in this case, this is Mr. Spears was plaintiff in the former case, in an action to recover what he claimed to be due for rent.

"The attachment which is the basis of this case, was issued in that case; the case was tried in justice court, tried in this court, appealed to the Supreme Court and certain facts in that case have become the facts in this case and the law in that case has become the law in this case by reason of that adjudication—they are settled. One prime fact which was settled in that case is this: The allegation in the writ of attachment is that the defendant, Black, at the time of the attachment writ was taken out was about to remove his property from the county. That issue was litigated in that former case. Mr. Black denied that he was about to remove it. A great quantity of testimony was directed to that question, and the jury in that case found with Mr. Spears, that Mr. Black was about to remove the goods from the county, and that the rent, in consequence under their contract became due for the year. Now, that question was settled for all time, that Mr. Black was about to remove that stock from the county and from the store. That governs us in this case.

"Now, in this action, when it was commenced, there was a statement of plaintiff's claim, a declaration in three counts, as the lawyers say, there were three different aspects of his claim, of the wrongs which he claimed were done him. The first count was a claim of actual conversion or a taking of the property without right, depriving Mr. Black of it. The other two counts claimed damages for a misuse of the writ of attachment.

"We have what the lawyers call a statute of limitations, in common parlance, a matter is said to be outlawed if it runs so long without suit. The action shadowed in the two counts, the second and third counts of this declaration, sounded in what the lawyers know as malicious prosecution, a malicious and wrongful use of the writ of attachment. The statute or outlawry of limitations, as we call it, prescribed that actions of that character shall be brought within two years after the wrong done. Two years had expired when this action was commenced so that the causes of action in the second and third counts of the declaration were outlawed and could not be revived. That left the first count in the declaration which is for conversion of the stock.

"Now, as I understand the claim of the plaintiff in this case, he claims that Mr. Spears was directing the levy of the writ of attachment. It is undisputed that the undersheriff was there present with the writ, but the claim is that Mr. Spears was directing all the operations there in the levy of that attachment, and that, under his directions, the store was closed and the occupants driven out.

"Now, as I said before, the former case has fixed the fact that there was probable cause for the issuing of that attachment. The proceedings in justice court in that attachment case were regular and perfect. The return shows that the officer seized the stock. If there was any wrong in the use of that attachment, it was in seizing the whole stock for a claim of $216—there was so large an excess of stock over and above the claim.

"Now, the undisputed facts are that Mr. Black was in the village on Monday morning; this attachment was levied on Saturday night at about the close of business and Sunday was a non-business day, and Monday morning Mr. Black appeared in town. It was a disputed question as to what took place between Mr. Spears and Mr. Black at that time, and that probably is the only disputed question of materiality in this case—as to whether Mr. Spears tendered back to the plaintiff the stock on Monday—that in some events might have gone to you as a question of fact. But following that time, some days later, it is undisputed that a notice was served upon Mr. Black by the sheriff —the undersheriff—that he could have his stock and store and that he did not take it.

"Now, as I said before, if Mr. Black sustained any damages, it was not for the conversion of the stock. Under the legal proceedings, the officer had his writ, it was a legal writ and the possession of the goods was that of the officer and not of Mr. Spears, although Mr. Spears may have been present and directing the proceedings and if Mr. Black had an offer of the return of the stock at the time claimed, it was his duty to receive the stock and to lessen his damages if he had any damages. But the prime fact is that the stock was not in the possession of Mr. Spears. Legally, the stock was in the possession of the officer

and the cases hold emphatically, the law holds that while in the possession of the officer, an action of trover or of converting the stock to the use of Mr. Spears would not lie. If there was a wrongful attachment, the officer was holding under the attachment, and the action should have proceeded against the undersheriff.

"For these reasons, a verdict is directed for the defendants in this case and you are discharged from further consideration of the case."

BROOKE, J. (*after stating the facts*). In this court it is contended that the court was in error in holding that recovery under the first count was barred by reason of the adjudication in the case of *Spears* v. *Black, supra;* likewise in error in holding that recovery under counts two and three was barred by the statute of limitations. We will consider the last question first. Subdivision 3 of section 12323, 3 Comp. Laws 1915, provides:

"Actions against sheriffs for the misconduct or neglect of themselves, or their deputies, actions for trespass upon lands, for assault and battery, for false imprisonment, for malicious prosecution * * * shall be brought within two years from the time the cause of action accrues and not afterwards."

Subdivision 2 of said section provides:

"Actions to recover damages for injuries to person or property shall be brought within three years from the time said actions accrue, and not afterwards."

The law relative to the limitations of actions in force prior to the passage of the 1915 act will be found in section 9728, 3 Comp. Laws 1897, which provides:

"SEC. 1. The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards, that is to say: * * * All actions of replevin and trover, and all other actions for taking, detaining, or injuring goods or chattels; all other actions on the case, except actions for slanderous words, or for libels."

The time therefore within which an action for malicious prosecution could have been commenced prior to the passage of the 1915 act was six years. It is earnestly contended on the part of plaintiff that counts two and three of the declaration are distinctly counts "for the recovery of damages for injury to property," and cannot properly be construed as they were by the learned trial judge: "As counts for malicious prosecution." It is perhaps unimportant to determine the technical meaning of the language employed by the pleader in those two counts. Reduced to their final analysis they charge the oppressive and unlawful execution of a process admittedly legal in its issuance, but assuming the construction of the trial judge to have been correct, we are of opinion that he was in error in holding that recovery under counts two and three was barred by the statute of limitations. Chapter 9 of the judicature act deals with the limitations of actions. Section 9 (3 Comp. Laws 1915, § 12319) of the chapter provides:

"All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions or right of entry."

This is a general provision and in our opinion affects *all actions* whether personal or involving real estate. Inasmuch as plaintiff's right of action, if he has any, accrued on January 24, 1914, and his action was started on January 22, 1917, it must be held under the provision of section 9 to have been commenced seasonably. It is strenuously urged on the part of defendants and appellees that the case should be affirmed under the provisions of section 28, chap. 50, of the judicature act (3 Comp. Laws 1915, § 13763). This position is predicated upon the alleged fact that upon Monday following the seizure of plaintiff's stock on the preceding Saturday, the stock was tendered

back to plaintiff who declined to accept its return with the remark: "You bought something," and the further contention, apparently uncontradicted, that the stock was tendered back to plaintiff on February 12th in writing.

A careful reading of this very voluminous record convinces us that after the seizure of the stock on the writ of attachment, defendant in that suit, plaintiff in this, deliberately sought to create a situation from which he might reap a profit. Upon the stand he denied the unconditional tender of the stock to him on the Monday following the seizure, thus raising a question of fact for the determination of the jury.

We are constrained to hold that the fact that he attempted to capitalize the original wrong of defendant, if there was one, is not a bar to his recovery for such damages as naturally and properly resulted from the alleged wrongful act. It seems plain from this record that the defendant William J. Spears was present when the seizure was made, aiding and advising the undersheriff in his act. Under such circumstances defendants would be liable for such damages, if any, as would naturally flow from any oppressive execution of the process. The subsequent conduct of the plaintiff in refusing to accept a redelivery of his stock, when, and if, tendered, should be considered by the jury in passing upon the question of damages, but should not be held to destroy the cause of action unless the jury should find that the tender was made at a time when no damages could have resulted.

The judgment must be reversed, and a new trial ordered, with costs to plaintiff.

MOORE, C. J., and STEERE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.

Justice KUHN took no part in this decision.