## FELLOWS v. NATIONAL CAN CO.

(District Court, E. D. Michigan, S. D.   October 31, 1921.)

No. 5986.

1. **Courts ⊜375—Local laws govern limitations.**

   Subject-matter of a suit in a federal court being a Michigan contract, it is governed by the statutes of limitation of that state.

2. **Limitation of actions ⊜39(2), 46(6)—Cause of action for balance of royalty due for each year held to accrue after end thereof; ten-year statute applicable.**

   Where royalties were due under a Michigan contract under seal "within a reasonable time after defendant's monthly report showed that the aggregate of solder savings payments were less than the annual minimum," right of action to recover each year's balance of minimum royalty accrued after the 1st of January of the following year, and action would not be barred by limitations until ten years after such day under Comp. Laws Mich. 1897, § 9734, How. Ann. St. Mich. § 14141, notwithstanding Comp. Laws Mich. 1915, §§ 12323, 12350, in view of section 12319, providing that all actions shall be governed in respect to limitations according to the law under which the right accrued.

3. **Limitation of actions ⊜4(2)—Statute absolutely barring right to bring action invalid.**

   A legislative enactment which, by shortening period of statute of limitations, would absolutely deprive a person having a right of action from bringing it, would be unconstitutional.

4. **Election of remedies ⊜12—Assumpsit for royalties barred by limitations as to items held not to right to sue in debt.**

   The bringing of an action in assumpsit to recover royalties due in a number of consecutive years, subsequently determined to be unavailable as to royalties due for certain years by reason of statute of limitations, was not such an election of remedies so as to prevent the bringing of another action in debt on contract under seal to recover for such years, which was not barred by limitations.

5. **Judgment ⊜590(4)—Judgment in assumpsit held not res judicata in subsequent action to recover royalties for certain years.**

   Judgment in an action in assumpsit for royalties due for a number of consecutive years, which action was unavailable as to certain years by reason of the statute of limitations, was not res judicata in a subsequent action in debt under the contract, which was under seal, to recover the royalty for such years; first action presenting no question nor issue concerning the nature or extent of the right of the plaintiff to recover for breach of a contract under seal.

6. **Judgment ⊜739—Judgment on one cause of action not res judicata upon different cause of action.**

   A judgment on one cause of action is not res judicata upon a different cause of action in another suit between the same parties, where the questions involved and determined in the latter suit were not determined nor involved in the former.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by Olin S. Fellows against the National Can Company. On motion to dismiss. Motion denied.

William R. Moss, of Chicago, Ill., for plaintiff.

Bigelow & Rankin, of Detroit, Mich., for defendant.

TUTTLE, District Judge. This action is now before the court upon a motion by the defendant to dismiss the action on various grounds hereinafter discussed. The jurisdiction of this court is properly invoked on the ground of diversity of citizenship, the matter in controversy exceeding the requisite jurisdictional amount.

The material facts, substantially as set forth in the undisputed statement of facts filed in the cause, are as follows:

An action in assumpsit was instituted in this court by Olin S. Fellows (plaintiff herein) against the National Can Company (defendant herein) on the 18th day of May, 1915, to recover for a balance alleged to be due as annual minimum royalty growing out of a lease under seal entered into between the parties during the year 1905, whereby the defendant, National Can Company, leased certain solder-saving devices from the plaintiff. The amount sought to be recovered in that action was for royalties that accrued during the years 1906 to 1912, both years inclusive. Action was commenced in assumpsit on the theory that the suit involved an entire contract, and that no cause of action arose until the last payment was made, in the early part of 1913, when the contract was terminated. During the pendency of that action, namely, on the 26th day of December, 1916, the present action in debt was instituted in this court growing out of the same subject-matter, primarily to save the running of the statute of limitations, for the annual minimum royalties that accrued during the years 1906, 1907, and 1908, in the event that the contract should be held, in the action in assumpsit, not to be entire but severable by years, the first action having been commenced more than six years after the royalties had accrued for said years 1906, 1907, and 1908. Upon the trial of the action in assumpsit, recently determined in this court, no evidence was admitted by the court with respect to the royalties claimed by plaintiff to be due for the years 1906, 1907, and 1908, or any of them, the court holding that the statute of limitations barred a recovery for all of those years, but the court permitted a recovery for the years 1909, 1910, 1911, and 1912, directing a verdict in favor of plaintiff therefor.

The first action in assumpsit having been terminated, the present action is, as already stated, now before the court upon what is treated by both parties as a motion to dismiss (although no formal written motion has yet been filed), demurrers having been abolished by the Michigan statute applicable, section 12456 of the Michigan Compiled Laws of 1915.

The grounds upon which the defendant relies may be conveniently grouped and considered under three heads, as follows: (1) That the cause of action upon which plaintiff here seeks to recover has been barred by the Michigan statutes of limitation; (2) that the institution of the first action by plaintiff constituted an election of remedies

depriving him of the right to maintain the present action; and (3) that the judgment in the former action operates as res judicata in the latter, concluding the matters involved in, and precluding plaintiff from maintaining, the cause at bar.

[1, 2] 1. Is the plaintiff barred from the right to bring the instant action by the statutes of limitation of the state of Michigan, the subject-matter herein being a Michigan contract, and being therefore governed by the statutes of limitation of that state? Fellows v. National Can Co., 257 Fed. 970, 169 C. C. A. 120. This action, having been brought to recover on a contract under seal, was required, by the applicable statute, in force at the time of the making of such contract, to be instituted within ten years after the date of the accrual of the cause of action on which it is based. Section 9734 of the Michigan Compiled Laws of 1897, being section 14141 of Howell's Michigan Statutes of 1913; Stewart v. Sprague, 71 Mich. 50, 38 N. W. 673. As the cause of action for the recovery of the royalty due under such contract for each year accrued after the end of such year, and "within a reasonable time after defendant's monthly report showed that the aggregate of solder-savings payments were less than the annual minimum" (Fellows v. National Can Company, supra), the right to recover the royalty due for the year 1906 accrued after the 1st of January, 1907 (Fellows v. National Can Co., supra), and under the statute of limitations just cited, which was then in force, the right to sue on such cause of action, based, as it was, on a contract under seal, would not be barred until ten years thereafter, that is, until after the 1st of January, 1917, which was subsequent to the time of the commencement of the present action.

[3] It is urged, however, by the defendant, that the Michigan Judicature Act, which took effect on the 1st day of January, 1916, before the commencement of this action, not only abolished the action of debt (section 12350, Michigan Compiled Laws of 1915), but abrogated the ten-year statute of limitations for actions on contracts under seal and substituted therefor a six-year period within which such actions must be brought (section 12323, Michigan Compiled Laws of 1915); and that therefore plaintiff is precluded from maintaining the present action. It is true that section 12350, just cited, abolished the action of debt and provided that in all cases where that action would be otherwise maintainable the action of assumpsit should thereafter be brought, and that said section 12323 changed the period of the statute of limitations applicable to contracts under seal such as that herein involved from ten to six years. By another section, however, of the same Judicature Act, section 12319 of the Michigan Compiled Laws of 1915, it was, and is, provided that—

"All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions."

If the Michigan Legislature had attempted, by shortening the period of the statute of limitations, to deprive the plaintiff, and others similarly situated, of the right, which he had immediately prior to the taking effect of the Judicature Act on January 1, 1916, to bring this

action, as he did, within ten years from the date of the accrual of his earliest cause of action involved herein, the effect thereof would have been to absolutely bar his right to bring the present action, and such attempt would have been unconstitutional. Price v. Hopkin, 13 Mich. 318; Ludwig v. Stewart, 32 Mich. 27; Chapman v. Douglas County Commissioners, 107 U. S. 348, 2 Sup. Ct. 62, 27 L. Ed. 378.

It is, however, clear, from the saving clause of the Michigan Judicature Act just quoted, that said Legislature made no such attempt, but expressly recognized the statutes of limitation existing at the time of the accrual of any previously acquired right of action as still in force and applicable to "all actions" brought to enforce any such "right." McBride v. Chippewa Circuit Judge, 202 Mich. 61, 167 N. W. 934; Black v. Spears, 209 Mich. 1, 176 N. W. 469; Id., 213 Mich. 29, 180 N. W. 593. As it is contended by defendant itself, in one of its briefs, that the present action is in reality an action in assumpsit, it will be so treated by this court, although, for the reason just pointed out, governed by the ten-year statute of limitations in force at the time of the accrual of the right of action on which recovery is sought.

[4] 2. I cannot agree with the contention of defendant that the act of the plaintiff in bringing his first action in assumpsit was such an election of remedies as prevents him from now maintaining the action at bar. Where a party selects one of several supposedly existent remedies not through a deliberate choice of alternative and inconsistent remedies, but in the belief that the remedy selected is available and it is subsequently determined that he was mistaken in such belief and that the remedy selected did not in reality exist, his mistake in making such selection does not constitute an election of remedies which will deprive him of the right to thereafter pursue the proper remedy. Northern Assurance Co. v. Grand View Building Association, 203 U. S. 106, 27 Sup. Ct. 27, 51 L. Ed. 109; Bierce v. Hutchins, 205 U. S. 340, 27 Sup. Ct. 524, 51 L. Ed. 828; Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 Sup. Ct. 533, 53 L. Ed. 1099; Standard Oil Co. v. Hawkins, 74 Fed. 395, 20 C. C. A. 468, 33 L. R. A. 739 (C. C. A. 7); Brown v. Fletcher, 182 Fed. 963, 105 C. C. A. 425 (C. C. A. 6); Mintz v. Jacob, 163 Mich. 280, 128 N. W. 211; Tullos v. Mayfield (Tex. Civ. App.) 198 S. W. 1073; 20 Corpus Juris, 21–27. As, therefore, the right to bring an action in assumpsit to recover the royalties due for the years 1906, 1907, and 1908 had been lost, by reason of the statute of limitations, prior to the date of the institution of the previous action in assumpsit, and the act of the plaintiff in the commencement thereof was due to his mistake in selecting a remedy in substance and effect not available, such act did not constitute an election of remedies within the meaning of the law or affect his right to subsequently bring the proper remedy, this action to recover upon a contract under seal. The contention of the defendant to the contrary cannot be sustained.

[5, 6] 3. It is further urged by defendant that the judgment in the former suit is res adjudicata in the present action. As, however, the previous action was in assumpsit and presented no question nor is-

sue concerning the nature or extent of the right of the plaintiff to recover for the breach of a contract under seal or concerning the applicability or effect of the ten-year statute of limitations, and the grounds and reasons for the disallowance, in that action, of the claims on which the present action is based, are not presented in the case at bar, it is clear that there is nothing in the pleadings, proofs, or judgment entered there which can affect the right of the plaintiff to litigate the questions involved here; it being, of course, elementary law that a judgment on one cause of action in one suit is not res adjudicata upon a different cause of action in another suit between the same parties where the questions involved and determined in the latter suit were not determined nor involved in the former. Brown v. Fletcher, supra.

For the reasons stated, the motion to dismiss must be denied.