### Robert Blackwood v. Peter P. Van Vleet.

The act of 1843 taking from mortgagees the right to bring ejectment before foreclosure, is inoperative as to mortgages made prior to its passage. *Mundy v. Monroe,* 1 *Mich.* 68; *Stevens v. Brown, Wal. Ch.* 41.

The fact that there may be two new trials in an action of ejectment, is no reason for the interposition of equity to try titles to land.

An injunction bill, strictly speaking, is one asking no other relief. When the bill prays other relief, the injunction is regarded as ancillary to such relief, and falls with it.

A bill was filed in equity against one in possession of lands claiming them under tax titles, to have these titles declared void, and complainant's right to the lands quieted, and for an injunction to restrain the commission of waste by defendant. Complainant had not established his right at law, and had brought no suit for that purpose. It was held that the bill could not be sustained.

*Heard April 29th. Decided May 12th.*

Appeal in Chancery from Lenawee Circuit.

Blackwood, who was assignee of a mortgage given in 1837 by one Miller, and to foreclose which he had brought

suit in equity, filed his bill in this cause, setting forth that defendant was in possession of the lands mortgaged, claiming title thereto under deeds from the Auditor General given on sales for delinquent taxes of 1849 and 1854, and that he threatened to commit waste thereon by cutting off the timber. The bill alleged the invalidity of the tax titles, prayed for an injunction to restrain waste, and that the deeds from the Auditor General be set aside, and decreed void and of none effect.

Defendant demurred to the bill; the Court below sustained the demurrer and dismissed the bill, and complainant appealed.

*A. L. Millerd* for complainant:

The relief sought by the bill is two-fold:

1. To have the tax deeds set aside and cancelled; and,

2. To restrain the defendant, by injunction, from cutting timber on the mortgaged premises.

It is insisted that complainant has a remedy at law: 1. By action of ejectment; and, 2. By prohibition of waste under the statute. 2 *Comp. L. p.* 1259. We reply: The action of ejectment is not an adequate remedy. The complainant is not the owner of the land. Though the legal title has become vested in him by the mortgage, yet he is in equity only an incumbrancer, and has no interest in the land except to make the money that is due him out of it, by process of foreclosure, in the shortest and easiest way that the law will admit. A mere recovery of the possession, by ejectment, would not accomplish this.

1. He wants the tax deeds cancelled, as forming a cloud on his title which is likely now to constitute an obstacle to his making the money by a foreclosure, and is liable to make him trouble hereafter, when the evidence of the illegality of the tax proceedings is lost. This he could not get by ejectment.

2. A recovery in ejectment would not be conclusive.

It would not become so until after two or three trials, and the lapse of three or five years. *Comp. L.* § 4590.

Thus the time required to obtain possession by ejectment, and especially to settle the title, would be far too long to be of any avail in the foreclosure. It would not remove the obstacle in time for that, and the complainant would either be obliged to delay the sale under the foreclosure, for all that time, or to sell under the disadvantage of the cloud upon the title.

3. He wants an injunction to restrain the defendant from impairing the value of his security by cutting timber. Ejectment would give him no remedy against the commission of waste in the meantime. That would require a separate proceeding under the statute.

It is easy to see, therefore, that, practically, the remedy at law would be far from being full and perfect.

It is not necessary that a party should be in possession of the land, to entitle him to file such a bill:— *Yancy v. Hopkins,* 1 *Munf.* 419; *Shell v. Martin,* 19 *Ark.* 139; *Gillett v. Webster,* 15 *Ohio,* 623; *Chautauque Co. Bank v. White,* 6 *Barb.* 589.

Though there may be a remedy at law, yet if that remedy be doubtful or difficult, equity will hold jurisdiction. 1 *Paige,* 90.

The danger of waste, charged in the bill, entitles the complainant to the interposition of a court of equity. An injunction is the appropriate remedy, not only between mortgagee and mortgagor, or those having privity of estate, but as to those holding adverse claims, and even against trespassers, in cases of irreparable mischief: — *Brady v. Waldron,* 2 *Johns. Ch.* 148; 2 *Story Eq. Juris.* 918; 2 *Wat. Eden on Injunc.,* 3d ed. 200 (*note*), 229–235 *and notes.*

The complainant, never having had possession of the land, could not maintain trespass for cutting timber; and if he could maintain that or any other form of action, it

would make another suit, and perhaps a multiplicity of others, necessary. This necessity for several suits at law would itself constitute a ground for the exercise of jurisdiction by a court of equity:—*Jesus College v. Bloom*, 3 *Atk.* 262; *Watson v. Hunter*, 5 *Johns. Ch.* 169.

*C. A. Stacy*, and *T. M. Cooley*, for defendant.

MANNING J.:

The bill is filed by the assignee of a mortgagee. Defendant is in possession of the mortgaged premises, claiming them by tax titles. The bill is to enjoin him against the commission of waste, and to have the tax titles set aside and declared void and of none effect, for certain alleged defects in levying the tax. It is also stated that complainant has filed a bill against the mortgagor to foreclose the mortgage. And a demurrer having been interposed for want of equity, complainant seeks to sustain his bill on two grounds: 1st, As an injunction bill to stay waste; 2d, On the ground that the tax titles are clouds on his interest in the land, which he is entitled to have removed to quiet his mortgage interest, and also to enable him to foreclose the mortgage and make the money out of the land, which can not be sold to advantage with the tax titles resting upon it.

The mortgage was given in May, 1837, before the statute of 1843 taking away the right of the mortgagee and his assigns to bring ejectment before foreclosure of the mortgage. As this statute is inoperative as to prior mortgages, there is nothing in the way of complainant bringing an action of ejectment against defendant to try the validity of the tax titles.—*Mundy v. Monroe*, 1 *Mich.* 68; *Stevens v. Brown*, *Wal. Ch.* 41. This is not denied. It is said, however, by complainant, that the remedy at law is not so complete and expeditious as in equity, as the statute regulating actions of ejectment gives two new trials, &c. *Comp. L.* § 4589. This is no reason for the interpo-

sition of a court of equity. It exists in every action of ejectment; and if admitted as a ground of equity jurisdiction, would change the trial of titles to real estate from law, and by a jury, to a court of equity. Defendant claims by an adverse title, and there is no allegation of fraud in the acquisition of the tax title.

By an injunction bill, strictly speaking, we understand a bill asking no other relief. When the bill prays other relief the injunction is regarded as ancillary to such relief, and falls to the ground with it. In no view that can be taken of the bill does it show sufficient cause for an injunction. Complainant is not in possession, has not established his title to the premises against defendant at law, and shows no privity of estate, or action of ejectment pending to try the tax title.

The decree dismissing the bill for want of equity must be affirmed, with costs.

The other Justices concurred.