THE DEER LAKE COMPANY (A CORPORATION) V. THE MICHIGAN LAND & IRON COMPANY (LIMITED).

*Bill to quiet title—Remedy at law.*

In this case it is held that complainant has an adequate remedy at law, and that equity has no jurisdiction over the controversy, and that it would be improper to express any opinion upon the other questions presented.

Appeal from Marquette. (Steere, J.) Argued October 15, 1890. Decided October 31, 1890.

Bill to remove a cloud from complainant's title to certain real estate caused by a reservation in a deed, etc. Defendant appeals. Reversed, and bill dismissed. The facts are stated in the opinion.

*E. E. Osborn,* for complainant.

*Ball & Hanscom (B. J. Stevens,* of counsel), for defendant.

CHAMPLIN, C. J. The bill of complaint was filed in this case to remove a cloud from complainant's title to certain real estate.

The complainant states that both parties claim under a common grantor, namely, the Marquette & Ontonagon Railroad Company, which conveyed the land by warranty deed to those under whom it claims title, such deed containing the following reservation and exception:

"Saving and reserving to the grantor herein, its successors and assigns, forever, all mines and ores of metals that are now or may be hereafter found on the said lands, with the right to enter upon the same, and use and occupy all lands necessary for mining purposes, to lay down railroad tracks, and build roads and railroads, over and across the same, and to mine and carry away the mineral thereon."

The complainant alleges that defendant claims under the reservation of the deed. The bill also states that complainant and its grantors has been in the actual use and possession of the land, continuously and uninterruptedly, since the year 1867. The bill further states that defendant sets up and claims title to the marble and serpentine in the said land, and refuses to commence an action at law for the same.

Three questions are raised upon the record—

1. As to the jurisdiction of the court of chancery to grant the relief prayed.
2. As to whether the complainant has any title whatever to the land.
3. As to whether marble and serpentine are embraced in the reservation of the deed under which complainant claims title.

The proofs introduced show conclusively that the Michigan Marble Company, working under an option from defendant, before the filing of the bill of complaint, entered upon the land, erected a toolhouse or blacksmith shop, also erected machinery, and began the work of quarrying marble and serpentine, and had removed some of the marble; that its possession was open and notorious; that complainant knew of such possession; that the marble

company was in possession at the time the bill was filed and afterwards. These facts being established by complainant's witnesses, and undisputed, there appears to be no reason why the Deer Lake Company should not have proceeded at law to try its title to the land. When such remedy at law exists, equity has no jurisdiction over the controversy. This has been repeatedly held by this Court. *Blackwood v. Van Vleet,* 11 Mich. 252; *Tabor v. Cook,* 15 Id. 324; *Moran v. Palmer,* 13 Id. 368. As this must dispose of the present suit, it would be improper to express any opinion upon the other questions presented.

The decree must be reversed, and bill dismissed, with costs of both courts.

CAHILL, LONG, and GRANT, JJ., concurred. MORSE, J., did not sit.