CHANDLER *v.* GRAHAM.

1. QUIETING TITLE — EQUITY — TRIAL BY JURY — CONSTITUTIONAL LAW.

A bill by the grantee of the purchaser of land at a mortgage sale, making a defendant of one who had not been a party to the foreclosure suit, but who was in possession of a part of the premises, claiming title thereto by gift from the mortgagor and adverse possession, praying that defendant's title be delared not valid and that complainant be put in possession, was, as to such defendant, a bill to quiet title and obtain possession of land without an ejectment suit, and hence would not lie, under article 6, § 27, of the Constitution, guaranteeing trial by jury.

2. MORTGAGES — FORECLOSURE — DISPOSITION OF SURPLUS — REVIEW.

A purchaser at foreclosure sale, who, finding a third person in possession of a part of the premises, claiming title, filed a bill to compel the administrator of the mortgagor's estate, in case the claimant's title be decreed to be valid, to pay complainant, out of the surplus proceeds of sale turned over to him by order of the court, an amount equal to the value of the part withheld, mistook his remedy, his proper course being to seek a review of the question of the disposition of the surplus fund in a proceeding in the original suit.

Appeal from Hillsdale; Chester, J. Submitted February 2, 1900. Decided March 13, 1900.

Bill by Lud S. Chandler against Hannah D. Graham, impleaded with Russell O. Haynes, administrator of the estate of Peter Havens, deceased, to determine the title to certain land and to the proceeds of its sale on foreclosure. From an order overruling a demurrer to the bill, defendant appeals. Reversed.

*E. J. March* (*C. M. Weaver*, of counsel), for complainant.

*Grant Fellows* and *B. D. Chandler*, for defendant.

Hooker, J. On May 23, 1894, Peter Havens, being the owner of 120 acres of land, mortgaged the same to secure his promissory note for $621 to the Boies State Savings Bank. On March 17, 1897, John McDougal, to whom the mortgage was assigned, commenced foreclosure proceedings in chancery; Havens alone being defendant. On November 27, 1897, Havens died, and defendant Haynes was appointed administrator of the estate, and the suit was revived against him under the rules applicable to such cases. On June 4, 1898, a decree was entered for the complainant, and, on July 20th following, the premises described in the mortgage were sold by the commissioner for $1,601 to one Wilcox. After the sale was confirmed, Wilcox ascertained that defendant Graham was in possession of three-fourths of an acre of the land; claiming that Havens, who was her father, had given it to her, and that she had title by an adverse possession of upwards of 20 years. Wilcox took a writ of assistance, but the bill does not state that it was served; and he afterwards conveyed the land described in his deed to the complainant, to whom all of the land was surrendered, except the three-fourths of an acre occupied by Graham. Upon a petition duly filed, the court made a decree directing the register of the court, who held the surplus, to pay to the defendant Haynes, the administrator, the sum of $480, which was done. This bill is filed against Haynes and Graham, the latter still being in possession of the small parcel of land. It alleges that this parcel is worth $500, and that, exclusive of this parcel, the land would not have sold for the price bid, and that Mrs. Graham has no valid title. It prays that it be decreed that she is not lawfully entitled to said parcel, and that complainant be put in possession, but, if it shall be found that she has a valid title, then that it be decreed that defendant Haynes pay over to complainant the surplus received by him. Defendant Graham has demurred to this bill, and the demurrer has been overruled. It is now before us on appeal.

The bill is, so far as Graham is concerned, a bill to

quiet the title and obtain possession of land, and nothing else, as she is in no way concerned with any other question involved. It does not appear that she was even made a party in the foreclosure case. It is, to all intents and purposes, a substitute for an ejectment case, so far as Hannah D. Graham is concerned. It has been repeatedly held that such a bill would not lie, under our Constitution (article 6, § 27). Thus, in *Moran* v. *Palmer*, 13 Mich. 367, it is said:

"A bill to quiet title will be entertained on behalf of the legal owner when he is not in a position to force the adverse claimant into a court of law to test its validity; but when each party claims the legal title, and a court of law is already possessed of the case, and it is not alleged that either fraud, accident, or mistake has intervened to prevent the possessor establishing his title at law, equity will not interfere."

See, also, *Blackwood* v. *Van Vleet*, 11 Mich. 252. Again, in *Tabor* v. *Cook*, 15 Mich. 322, it was held that the legislature could not authorize such a proceeding, without a mode by which the defendant could have a jury trial if he so elected, where the right existed when the Constitution was formed. See, also, *Ormsby* v. *Barr*, 22 Mich. 85; *Methodist Episcopal Church* v. *Clark*, 41 Mich. 738 (3 N. W. 207); *Risser* v. *Hoyt*, 53 Mich. 201 (18 N. W. 611); *State Tax-Law Cases*, 54 Mich. 363, 373, 411 (20 N. W. 493); *Hemingway* v. *Griswold*, 22 Mich. 77; *Phelps* v. *Green*, 3 Johns. Ch. 302; *Edwards* v. *Symons*, 65 Mich. 348, 354 (32 N. W. 796). These cases are conclusive, so far as the interest of Hannah D. Graham is concerned, and the demurrer should have been sustained as to her.

The administrator of the mortgagor's estate has received the surplus arising from the sale, under an order of the court, which had full jurisdiction of the parties and the subject-matter. If there is any reason why that order should not have been made, the court has authority to review the question in a proper proceeding in that cause,

but we do not find in this bill any facts stated that justify a new suit against the administrator. The bill shows no fraud on his part, that we have been able to discover, although the brief states that misrepresentations were made. It alleges a purchase by complainant's assignor under a mistaken belief as to title. It makes no offer to set aside the sale and allow the property to be reoffered. In fact, complainant is apparently unwilling to have that done, because he has expended money upon the place since his purchase, though the bill does not so state. If there were fraud on the part of the administrator in causing complainant's assignor to bid more than he would otherwise have done, and in obtaining the surplus, it would seem that the court having jurisdiction in the foreclosure proceeding should remedy the wrong by a different appropriation of the trust fund.

If complainant's claim were based on the covenants in the mortgage, the remedy, if there be one, is in another forum.

The decree is reversed, with costs of both courts, with the usual order as to the dismissal of the bill.

The other Justices concurred.