MOODY *v.* MACOMBER.

1. QUIETING TITLE—REAL PROPERTY—EJECTMENT — ESCROW— DE-
LIVERY OF DEEDS—WILLS.

In a suit to quiet title to real property, a bill of complaint
averring that defendant held title by a conveyance from the
widow of the complainant's testator, that her claim arose
from a deed made by the testator intended to take effect as
a testamentary disposition of the property, and that it had
never been delivered to her, is demurrable for failure to
show that the defendant is not in possession.

2. SAME—EQUITY JURISDICTION—DEEDS.

Jurisdiction is not conferred on the court of equity merely
because the sole question involved is the construction of a
deed, for which a jury would not be required in an action at
law.

3. ACCOUNTING—ESTATES OF DECEDENTS—PERSONAL PROPERTY.

Where the bill of complaint of an executor shows a half inter-
est in personal property in defendant's hands, claimed by
him under a transfer from the widow of deceased, and fails
to aver any depreciation or uncertainty in the amount of
property, an adequate remedy at law exists.

Appeal from Lapeer; Smith, J. Submitted June 10,
1909. (Docket No. 42.) Decided September 21, 1909.

Bill by Paul B. Moody, executor of the last will and tes-
tament of John B. Sutton, deceased, against John B.
Macomber to quiet title to certain real estate, and for an
accounting. From an order overruling a demurrer to the
bill, defendant appeals. Reversed, and remanded.

*Geer, Williams & Halpin,* for complainant.

*B. F. Reed,* for defendant.

MONTGOMERY, J. This is an appeal from an order over-
ruling a demurrer to complainant's bill. The complain-
ant is executor of the last will and testament of John B.
Sutton, deceased, and in that capacity claims title to 130

acres of land, of which John B. Sutton was the owner at one time during his lifetime. The bill alleges that, after the death of John B. Sutton, his widow, Louisa A. Sutton, caused to be recorded in the office of the register of deeds a warranty deed from John B. Sutton to her of the land described in the bill, and that on the 10th of April, 1907, she conveyed by warranty deed the premises described in the bill to John B. Macomber, the defendant in the suit. The bill further alleges that the deed to Mrs. Sutton was never delivered, and that by its terms it was not to become operative until the death of John B. Sutton, and was in legal effect an attempted testamentary disposition of property, and was revoked by a later will. The bill also alleges that these conveyances constitute a cloud upon the title of complainant, but there is no averment that the complainant is in possession of the land described in the bill, either actually or constructively, or that the defendant is out of possession. The bill alleges that the defendant was the tenant of Louisa A. Sutton on the premises after the death of John B. Sutton and until the death of Louisa A. Sutton, who died on the 11th of January, 1908, and that at the time of the death of John B. Sutton the personal property on said premises belonged to John B. Sutton and John B. Macomber in equal shares, and that, by the terms of the will of John B. Sutton, Louisa A. Sutton became entitled to the use of the interest of his estate in said personal property for and during her natural life, but said John B. Macomber now claims that said Louisa A. Sutton sold the one-half interest in said personal property to him, and now claims to own the whole of said personal property by reason of a bill of sale of the one-half interest given to him by the said Louisa A. Sutton. The bill prays that the cloud upon complainant's title be removed, and also prays that the defendant account for one-half of the personal property on the farm at the death of Louisa A. Sutton.

We are constrained to hold that the court was in error in overruling the demurrer. The bill is essentially a bill

to quiet title to real estate, and to maintain such a bill under the statute (1 Comp. Laws, § 448) it is essential to aver that complainant is in possession or that the defendant is not in possession. See *Seymour* v. *Rood,* 121 Mich. 173 (79 N. W. 1100); *Chandler* v. *Graham,* 123 Mich. 327 (82 N. W. 814); *Crosby* v. *Hutchinson,* 126 Mich. 56 (85 N. W. 255).

It is conceded that this is the general rule; but it is urged that, whereas in this case the question of right depends upon the construction of a deed and there is no occasion for the intervention of a jury, it is immaterial whether the judge is sitting on the law or chancery side of the court, and in such case an exception should be ingrafted on the rule stated in the cases cited. We think it far better that the practice should be adhered to, and that the title to real estate should not be left to be tried in equity where the remedy of ejectment is open, unless the case is distinctly brought under some other head of equity jurisprudence. In this case no charge of fraud appears in the bill, and there is no reason for departing from the rule on that ground.

It is urged in this court that, as an accounting as to the personal property is asked, equity would obtain jurisdiction for that purpose. As the bill is framed, there is nothing to indicate that the title or interest of the executor is other than an undivided one-half interest in the personal property. There is no averment of any uncertainty as to what this property consists of, and no suggestion in the bill that there has been any depreciation of property to be taken into account. We see no reason, therefore, why the rights of the parties as to the personal property may not be tried at law. Nor does the bill allege that there has been any demand for any accounting. We think the case is clearly one of mistaken remedy.

The decree will be reversed, with costs of both courts, and the case remanded.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.