## OLSEN v. WILLIAMS.

QUIETING TITLE—JURISDICTION OF EQUITY.

Taking as true on demurrer the averments of complainant's bill that he was the owner of lands therein described, pursuant to an application to purchase the premises as tax homestead lands, filed in 1903, in compliance with the provisions of Act No. 206, Pub. Acts 1893; that in 1908 he obtained a deed of the property from the State, that in 1904 defendant instituted ejectment against complainant, but, the cause remaining undetermined, in 1908 a stipulation purporting to be signed by defendant's attorney was filed, discontinuing such action, that defendant claimed that such action was unauthorized and the ejectment case was still pending, the bill further averring that complainant had been in continuous possession of the premises since 1897, that defendant had annoyed him and clouded his title by numerous suits, actions, and proceedings, and that complainant because of defects in his legal title could not make a full defense in equity, the bill stated grounds for quieting title in equity and defendant's demurrer was correctly overruled.

Appeal from Alpena; Emerick, J. Submitted April 10, 1912. (Docket No. 102.) Decided October 7, 1912.

Bill by Gilbert Olsen against Charles B. Williams to quiet title to certain lands. From an order overruling a

demurrer to complainant's bill, defendant appeals.  Affirmed.

*I. S. Canfield*, for complainant.

*D. W. Closser*, for defendant.

MOORE, C. J.  Omitting the formal parts thereof, the bill of complaint is as follows:

"Your orator, Gilbert Olsen, respectfully represents:

"That he is the owner of the following described lands. * * * That he acquired title to said land from the State of Michigan in the manner following: That February 14, 1903, he made application under the provision of section 131 of Act 206 of the Public Acts of 1893, and acts amendatory thereto, to the commissioner of the State land office to homestead the above-described lands, and, as a condition required by law, paid to said commissioner the sum of $8.10.  February 17, 1903, the commissioner of the State land office issued to your orator, upon his said application, State tax homestead certificate No. 4076; the same being in the usual form and covered the above-described lands.  That on April 29, 1903, your orator filed in the office of the commissioner of the State land office his proof of settlement as required by law, under said certificate No. 4076, and thereafter continued to comply with the provisions of law relative to homesteaders for a full period of five years, and made improvements on said lands and resided thereon.  That on April 7, 1908, and after the expiration of five years from the date of said certificate, your orator made due proofs of his having complied with the terms of said homestead certificate, and caused said proof to be filed April 8, 1908, in the office of the commissioner of the State land office at Lansing, Michigan. That thereafter, and on December 31, 1908, the commissioner of the State land office made, executed, and delivered to your orator a deed conveying the above-described lands to your orator; the said deed being in the usual form required by law.  That thereafter your orator caused said deed to be recorded in the office of the register of deeds for the county of Alpena, in Liber 7 of Deeds, at page 32.

"That previous to the entry of your orator upon said land as a homesteader under said certificate, as aforesaid,

the said lands had been delinquent for many years for the taxes assessed thereon, and return duly made of such delinquent taxes to the auditor general of the State of Michigan, and proceedings taken and had by said auditor general, under the provisions of the statutes of the State of Michigan, by filing his several petitions in the circuit court for the county of Alpena, pursuant to which proceedings decrees were regularly entered by said court against said lands, and the same were sold at the several tax sales thereafter held pursuant to said decrees; and said lands were sold by the treasurer of the county of Alpena and bid off to the State of Michigan. That after said lands had been bid off by the State of Michigan the same were held by the State as State tax lands for the time required by law, and thereafter, upon request being made in compliance with the statute, said lands were examined, and, upon the report of the examiner, were duly determined by the auditor general and the commissioner of the State land office, in form required by law, to be worthless and abandoned lands. That thereafter, pursuant to the requirements of law, the auditor general conveyed the said lands to the State of Michigan, whereby the same became and afterwards continued to be state tax homestead lands, and were, at the time of your orator's application hereinbefore referred to, so held by the State and subject to homestead entry.

"That previous to said homestead entry so made, as aforesaid, by your orator upon said lands, your orator had, in February, 1897, made application for and received a certificate and entered upon said lands; but the same was thereafter canceled, because your orator had not fully complied with the law in filing his proof of settlement thereon.

"That after your orator had received his second State tax homestead certificate No. 4076 from the commissioner of the State land office for the land hereinbefore described, and on the 14th day of March, 1904, Charles B. Williams, who is made party defendant to this your orator's bill of complaint, filed his bill of complaint in this court against your orator and his wife, Mary Olsen, who has since deceased, the auditor general of the State of Michigan, and the commissioner of the State land office of the State of Michigan, praying that the court cancel and annul your orator's said State tax homestead certificate and rights in the above-described lands, in which suit all of the defendants appeared and answered, and which said suit was

pending in said court until on, to wit, the 31st day of March, 1909, when the said bill was, upon the application made in open court by the solicitor for said Williams, dismissed, although no order has ever been entered in said cause to that effect.

"That on the same day, March 14, 1904, when said defendant herein commenced said chancery suit against your orator and others, as aforesaid, he commenced, in the circuit court for the county of Alpena, a suit in ejectment against your orator and his wife, the auditor general of the State of Michigan, and the commissioner of the State land office of the State of Michigan, which said suit was, by plea of the defendant filed March 30, 1904, put at issue; but the same has never been tried, and is now claimed to be pending and undetermined in said court. The said defendant herein, who is the plaintiff in said ejectment suit, brought said suit to try the title of the above-described premises. That April 3, 1908, a stipulation in writing, signed by Henry K. Gustin, as attorney for plaintiff, Williams, and John E. Bird, attorney general, and Charles W. McGill, assistant attorney general, for defendants, providing for the entry of an order dismissing said ejectment case, was filed in said cause; but, by reason of the claim of said Williams that said Gustin had no power to sign the same for him, said suit has not been dismissed, and is now claimed by said defendant to be still pending in said court.

"And your orator further charges and avers that the said defendant herein, Charles B. Williams, previous to the commencement of the ejectment suit herein mentioned, did not deposit with the auditor general of the State of Michigan, as he was required by law, the money necessary to pay and discharge all of the delinquent and unpaid taxes standing of record undischarged against the lands hereinbefore mentioned, and for that reason ought not to be permitted to maintain his said ejectment suit against your orator.

"That March 17, 1904, the said Charles B. Williams filed his several petitions in the matter of the petition of the auditor general of the State of Michigan for the sale of certain lands for the taxes assessed thereon for the years 1892 and 1893 in this court, and praying that the decrees before entered therein be reopened, and that the sale of the above-described lands be set aside, and that the deed made by the auditor general of the State of

Michigan, hereinbefore referred to, and the title of your orator derived thereunder, be set aside, so that the said Williams might file objections therein and have a hearing thereon to show that said taxes were void, and not a lien upon said lands above described. That answers were filed for the several respondents therein and a hearing had thereon in said court in March, 1909, upon which said petitions the said circuit court for the county of Alpena made a decree dismissing the same, to which files and records in said cause for greater certainty your orator begs leave to refer. That thereafter said Williams attempted to appeal from said decree of the circut court for the county of Alpena, in chancery, to the Supreme Court of the State of Michigan; but said appeal was, on June 15, 1910, dismissed by said Supreme Court, and proceedings therein are terminated.

"That after your orator had filed his final proofs, as aforesaid, with the commissioner of the State land office, and before the execution of said deed to your orator by the commissioner of the State land office, the said Williams caused to be filed certain affidavits in an effort to prevent your orator's final proofs from being received as sufficient authority for said commissioner of the State land office to execute said deed, as aforesaid. That the said commissioner of the State land office, after receiving such affidavits filed by said Williams and your orator's final proofs, as aforesaid, decided that your orator was entitled to such deed, executed the same, and delivered it to your orator. That your orator has been in continuous possession of said premises from the date of his said certificate up to the present time, and is still in possession of the same.

"That the said defendant, Williams, has by his said several suits and proceedings, harassed and annoyed your orator in respect to his title and right of possession for a period of more than six years; and, although he knows that he has no equitable right or title to said premises, he insists upon proceeding in his said action of ejectment so commenced and now pending, as aforesaid, in this court, thereby rendering your orator's title to said premises unmarketable. That your orator cannot sell or dispose of the same while said suit in ejectment is pending and undetermined.

"That your orator is informed and believes that there are certain defects in his legal title to the above-described premises to which he cannot make a full defense in the

said action of ejectment, but that in justice and in equity the said defendant ought not to be heard to make any claim of any right, title, or interest in and to the aforesaid premises. And that your orator charges and avers that the said action of ejectment so pending, as aforesaid, in said court ought to be restrained, and the title of your orator forever quieted against the said defendant and all other persons claiming by, through, or under him.

"That the said defendant, from February, 1897, to March 14, 1904, knew that your orator was holding and occupying the said premises under a homestead entry made as aforesaid, yet he took no steps whatever to assert his legal or equitable rights therein, and took no steps whatever to set aside the claimed tax sales made to the State of Michigan, aforesaid, and took no steps to set aside the transfer made by the auditor general of the State of Michigan, as aforesaid, and has otherwise been guilty of such laches in the premises as ought to in equity preclude him from prosecuting his said suit in ejectment against your orator, as aforesaid."

The prayer contained the following:

"(a) That the said defendant's claimed title to the above-described premises be decreed to be null and void and of no effect.

"(b) That the title to the above-described premises be decreed to be in your orator and forever quieted."

There was also a prayer for general relief, and for an injunction against prosecuting the suit in ejectment, "wherein Charles B. Williams is plaintiff and your orator and others are defendants."

The defendant demurred to the bill of complaint for the following, among other, reasons:

"Because complainant has a complete and adequate remedy at law.

"Because complainant has not stated in his bill such facts and circumstances as entitle him to relief in a court of equity, nor such facts and circumstances as entitle him to deprive defendant of the statutory right to two or more trials of the title to said lands on the law side of this court."

The demurrer was overruled, and the defendant was

given 15 days in which to file an answer. The case is brought here for review.

Stated briefly, it is the claim of defendant that, as complainant claims to be the owner in fee simple of the title to the land, he should be left to abide the result of the ejectment suit, and that any other course gives him a great advantage, especially so if the limitations contained in Act No. 84, Pub. Acts 1903, are valid.

The defendant having demurred to the bill of complaint, the allegations contained therein must, for the purposes of this case, be taken to be true. *Wales* v. *Bank of Michigan*, Har. Ch. (Mich.) 308; *Bates* v. *City of Hastings*, 145 Mich. 574 (108 N. W. 1005).

An important feature of the case stated in the bill of complaint is the fact that complainant is now, and has been for a long time, in possession of the land.

In the case of *Woods* v. *Monroe*, 17 Mich. 238, Chief Justice Cooley, speaking for the court, said:

"It is claimed that the case is not a proper one for relief in equity, inasmuch as the complainant claims by his bill a complete legal title, which could be fully examined and settled at law, and a part of the defendants had already commenced suits in ejectment for the recovery of their undivided interests in one of the lots in controversy, which suits were stayed by injunction in this proceeding.

"We do not think there is any force to this objection. The complainant was in full possession of the lands, and was not, therefore, in position to bring his right to trial by a suit in ejectment. The defendants were severally bringing actions against him in respect to one of the lots; and as he had an unquestionable right to file a bill to quiet his title to the others, and the questions were the same as to all, it was proper that, to avoid a multiplicity of suits, the ejectment suits should be enjoined, and the questions in controversy be all determined in one proceeding. Besides, the record title was in the defendants, which, of itself, would justify the bill."

The decree of the court below is affirmed, with costs.

Steere, McAlvay, Brooke, Stone, and Ostrander, JJ., concurred. Bird, J., did not sit.