GRAND TRUNK WESTERN RAILWAY CO *v.* FULLER.

ESTOPPEL—SALE BY LIFE TENANT—ACCEPTANCE OF PROCEEDS BY
    REMAINDERMEN—ELECTION.

> Where defendants, remaindermen under the will of their
> grandfather, elected to ratify the sale of the land by their
> father and accept the proceeds, they were estopped from
> afterwards reasserting their title to the land sold.

Appeal from Calhoun; North, J. Submitted January 28, 1919. (Docket No. 49.) Decided April 3, 1919.

Bill by the Grand Trunk Western Railway Company against Adna V. Fuller and another to enjoin an action of ejectment, and to remove a cloud on the title to land. From a decree for plaintiff, defendants appeal. Affirmed.

*Geer, Williams & Martin,* for plaintiff.

*W. S. Powers,* for defendants.

BIRD, C. J. The Honorable Walter H. North, of the 37th judicial circuit, heard this cause and afterward filed the following opinion:

"This is a suit in chancery brought for the purpose of restraining an ejectment suit instituted by the defendants against the plaintiff herein and also for the purpose of clearing the cloud from the title to the portion of the plaintiff's right of way described in the bill of complaint filed in this cause. Proofs were taken in open court, and briefs have been filed by counsel for the respective parties. A careful consideration of the record made and the briefs filed, has brought me to the conclusion that the plaintiff herein is clearly entitled to the equitable relief sought, and to deprive the plaintiff of such relief would be to work a great injustice to the plaintiff and to enable the defendants to accomplish a wrong.

"A detailed recital of the facts and circumstances.

shown by the proofs in the case, would serve no good purpose here, it being sufficient to indicate briefly the phases of the case which result in the above conclusion. The defendants herein are the sons of Adee Vale Fuller, now deceased, and Sylvia Anna Fuller. Wm. E. Fuller, who was the father of Adee Vale Fuller, died leaving a will by the terms of which Adee Vale Fuller took a life estate in a certain farm property of which the parcel involved in this suit is a part. The remainder in fee of said property was by the terms of said will left to the defendants in this case. On April 11, 1889, an order was made in the probate court of Calhoun county disallowing this will; and about this same time, the heirs of Wm. E. Fuller joined in a conveyance which appeared to invest in Adee Vale Fuller the full title to said farm. On the 5th of May, 1903, Adee Vale Fuller and his wife deeded to the plaintiff in this case a right of way across said farm property which contained about six acres of land, for a consideration of thirty-five hundred ($3,500) dollars. In October, 1915, Adee Vale Fuller died; and in December of that year the defendants in this cause filed a bill in chancery against their mother, Sylvia Anna Fuller, wherein they sought to have the order of the probate court disallowing the will of their grandfather set aside and also to have their said mother enjoined from disposing of the land in question (which she held as the surviving joint tenant) or of the proceeds of the sale of the right of way to the plaintiff in this cause which proceeds were at that time alleged to be deposited in the Old National Bank of Battle Creek, at least in part.

"In their bill of complaint filed in that cause, the defendants in this case alleged 'that said Grand Trunk Western Railroad Company was an innocent purchaser for value of said land described in paragraph No. 14 of this bill (being the right of way), and that your orators are not disposed to insist upon their adverse rights in said last mentioned lands as against said railroad company; but that your orators, on the contrary, are ready and willing, and hereby offer to voluntarily convey by quitclaim deed in which their respective wives will join as grantors to said railroad company * * * all of the right, title and interest of said complainants in and to said lands * * *.

" 'That your orators are informed and believe that the said defendant, Sylvia Anna Fuller, now has on deposit in the Old National Bank of Battle Creek, Michigan, all, or a portion of the proceeds, to wit: Thirty-five hundred ($3,500) dollars derived from said sale and conveyance to said railroad company of said lands described in paragraph "Fourteenth" hereof, and your orators hereby charge and aver that said moneys so derived from the sale of said lands, which were the property of your orators, belong to your orators and are now held by said defendant, Sylvia Anna Fuller, as a trust fund under an implied trust for the use and benefit of your orators; and your orators further show that said defendant, Sylvia Anna Fuller, threatens to dispose of said trust fund, in some manner unknown to your orators, for the purpose of placing the same beyond reach of your orators and depriving them of the same.'

"Subdivision No. 9 of the prayer for relief, asks: 'that said funds arising from said sale to the Grand Trunk Western Railroad Company of lands described in paragraph No. 14 of this bill may be impressed with a trust in the hands of said defendant, Sylvia Anna Fuller, and that she may be required to come to an accounting with your orators therefor.'

"As a result of somewhat extensive negotiations between counsel for the respective parties and in which the parties themselves, to some extent, participated personally, this suit, brought by these sons against their mother, and others, was settled out of court. The testimony taken in the case now under consideration, clearly establishes that these negotiations for a settlement were upon the understanding between all parties concerned that the conveyance theretofore made by Adee Vale Fuller and Sylvia Anna Fuller of the right of way to the plaintiff in this cause was to stand and be considered a good and valid conveyance. It appears from the testimony in this case that that phase of the settlement was of particular consequence to Sylvia Anna Fuller because she feared that otherwise she might be held, or the estate of her husband might be held, responsible to the plaintiff in this cause for the defective title. The result of this settlement, under these conditions, was that the defendants in this cause

secured very valuable property rights from their mother; and I think that transaction in and of itself is sufficient to not only render it highly inequitable, but to constitute an estoppel which prevents the defendants in this cause now taking a different position relative to the rights and title of the plaintiff herein to said right of way.

"A decree may, therefore, be taken, granting to the plaintiff in this case the injunctive relief prayed and also the relief sought in the third subdivision of the prayer for relief contained in the bill of complaint filed in this cause."

The position of defendants in the bill of complaint filed in their suit against their mother was clearly an election to accept the proceeds of the sale which the father had theretofore attempted to make of the premises rather than to insist upon the title thereto. This position had the effect of ratifying the act of the father and affirming the sale. Later, in the compromise settlement with their mother, they used this claim to the proceeds to obtain title to the farm without further litigation. These acts and declarations upon the part of defendants come within the general rule that:

"Where one having the right to accept or reject a transaction takes and retains a benefit thereunder, he becomes bound by the transaction and cannot avoid its obligations or effect by taking a position inconsistent therewith." 16 Cyc. p. 787, and cases cited.

We agree with the chancellor that it would be manifestly inequitable to permit defendants now to take another and inconsistent position and one which would compel plaintiff to pay for the right of way a second time. The opinion of the chancellor so nearly reflects the views of the court upon the questions involved that it will be unnecessary to further consider them. The decree will be affirmed, with costs of both courts to the plaintiff.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.