KAVANAUGH *v*. RABIOR.

1. EQUITY—JURISDICTION—TITLES TO LAND.
   A court of chancery is not the appropriate tribunal for the trial of titles to land, and equity will not aid in clearing a title to land when plaintiff's remedy at law is complete.

2. SAME—EQUITY WITHOUT JURISDICTION WHEN EJECTMENT AVAILABLE.
   Where, in a suit to restrain a trespass, it appears that plaintiff claims a legal title to the premises, and defendant is in possession claiming adversely to plaintiff, and plaintiff's real purpose is to evict defendant therefrom, an action of ejectment is the appropriate remedy, and not a suit in equity.

Appeal from Bay; Houghton (Samuel G.), J. Submitted June 24, 1921. (Docket No. 51.) Decided July 19, 1921. Rehearing denied October 3, 1921.

Bill by William P. Kavanaugh against John Rabior to enjoin a trespass upon land. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*Coumans & Gaffney,* for plaintiff.

*Collins & Thompson* (*Riley L. Crane,* of counsel), for defendant.

STONE, J. This case is here upon the appeal of the defendant from a decree in the court below, adjudging the plaintiff to be the legal owner of certain premises on the shore of Saginaw Bay, which premises and the buildings thereon were in the possession and occupancy of the defendant at the time the bill

of complaint was filed; which decree adjudged the plaintiff to be the owner in fee and restrained the defendant from entering, or trespassing upon said premises, and from placing nets in the waters of Saginaw Bay in front of said premises within one mile from the shore thereof. The plaintiff by his bill of complaint and evidence claims to own the premises in dispute by virtue of riparian rights connected with lot 1 of section 3, township 14 north, of range 5 east, which borders upon the bay.

The claim of the plaintiff upon the hearing was well expressed by his counsel in the following language:

"We claim the right to evict Mr. Rabior from the premises you have just described, and claim Mr. Kavanaugh is the owner of that description of land."

Upon the hearing the uncontradicted evidence showed that the defendant entered upon said premises in the year 1919, and at the expense of more than $1,000 had erected a house thereon, and was in possession and occupancy thereof when the preliminary injunction was served upon him which ousted him from said premises. He claimed the premises adversely to the plaintiff, and denied all right of the plaintiff therein. It is apparent from this record that a bill in equity was filed against a defendant in possession, and was used as a substitute for an ejectment suit; and we are met at the threshold of the case with a fatal objection to the jurisdiction of a court of equity, in the fact that the defendant was in possession of the premises, claiming them adversely to the plaintiff, and the plaintiff was out of possession, seeking to eject the defendant therefrom. This point was urged by the defendant in his answer, and also at the hearing.

From an early day in the history of this State, it

has been repeatedly held that a court of chancery is not the appropriate tribunal for the trial of the titles to land.   The claimant of a legal title has a right to have the facts upon which his claim is based submitted to a jury, and it is only when the remedy at law is inadequate that resort can be had to equity. Nothing is better settled than that equity will not aid in clearing a title to land when plaintiff's remedy at law is complete.   Plaintiff claims a legal title to these premises, and his riparian rights, if any, rest upon his legal title to the premises in dispute.   We see no reason why an action of ejectment will not settle the claim of plaintiff's right.

In the recent case of *Carpenter* v. *Dennison,* 208 Mich. 441, Mr. Justice FELLOWS, speaking for this court, reviewed many of the cases in this State. After quoting the statute giving equity jurisdiction in certain cases, and reviewing the decisions thereunder, he said:

"Each of these cases presented a case for equitable relief upon equitable grounds, and is in no way out óf harmony with a long line of holdings by this court announcing the general rule that courts of law are the proper forum for the adjudication of legal titles. Among the numerous cases see *Stockton* v. *Williams,* Walk. Ch. 120; *Devaux* v. *City of Detroit,* Harr. Ch. 98; *Blackwood* v. *Van Vleet,* 11 Mich. 252; *Moran* v. *Palmer,* 13 Mich. 367; *Tabor* v. *Cook,* 15 Mich. 322; *Methodist Church of Newark* v. *Clark,* 41 Mich. 730; *Chandler* v. *Graham,* 123 Mich. 327; *Moody* v. *Macomber,* 158 Mich. 209; *Berger* v. *Roe,* 179 Mich. 184."

We invite examination of these cases.

We have not overlooked plaintiff's claim in his bill that he "has no adequate remedy at law in the premises because of the continued trespass upon his real estate and riparian and fishing rights, as hereinbefore described, and because action other than in a court

of equity would result in a multiplicity of actions,"
etc.   But it developed upon the hearing that defend-
ant was in the continued occupancy and possession of
the disputed premises and he denied that plaintiff had
any legal title thereto, and plaintiff's real purpose was
to evict defendant therefrom.

It follows that the decree below should be reversed,
and the bill dismissed without prejudice, with costs
to the defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, BIRD,
and SHARPE, JJ., concurred.   CLARK, J., did not sit.